IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Ronald Hancock ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 2:05-CV-550-M |
| Dana Corporation and Dana Corporation ) | |
| Welfare Plans Committee ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants, the Dana Corporation and the Dana Corporation Welfare Plans Committee, pursuant to Fed R. Civ. P. 12(b)(6) and 12(b)(1), move for dismissal of the Complaint with prejudice. Defendants state as follows in support of their motion.

1.  Plaintiff filed this action on June 9, 2005 alleging that he "was an employee of the Dana Corporation" and "was covered" or "was a participant or beneficiary" in employee benefit plans (principally a long-term disability plan and a medical plan) sponsored by Dana, which are regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"). Compl. ¶¶ 4, 6, 8; Ex. 1.[1]

---

[1] Defendants attach a copy of the relevant long-term disability plan as Exhibit 1 to this motion. Dana attaches several documents to this motion that are either directly referenced in the complaint, and/or bear on whether this court has jurisdiction over the subject matter of this action, including documents relating to the administrative claim and appeal plaintiff filed regarding his claim for long-term disability benefits, and excerpts from the asset purchase agreement between the Dana Corporation and Standard Motor Products (Exhibits 2 and 3, respectively). This Court may properly consider these documents in connection with this Motion although they were not attached to the Complaint. Under Fed. R. Civ. P. 12(b)(1), the court may consider material outside the pleadings such as affidavits or any other materials properly before the court without converting the motion into one for summary judgment. *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d 800, 807 n. 8 (11th Cir. 1993); *Morrison*

2.  Plaintiff alleges that defendant Dana Corporation Welfare Plans Committee reviews decisions regarding claims for benefits under the plans. Compl. ¶ 7.

3.  Plaintiff further alleges that he became disabled on May 28, 2003 and he "was never able, and has never been able to return to work for Dana Corporation or a company named Standard Motor Products to whom Dana sold a portion of its business." Compl. ¶ 10. In fact, Dana sold its Engine Management Group, in which plaintiff worked, to Standard Motor Products pursuant to an Asset Purchase Agreement ("Agreement"). Exhibit 3. Under the terms of the Agreement, plaintiff became an employee of Standard Motor Products upon the closing of the asset sale, which occurred on June 30, 2003. Exhibit 3, p. 47, Exhibit 2. Further, the Agreement specifically provided that plaintiff's coverage under the Dana employee benefit plans ceased as of that date, and that plaintiff became covered under Standard Motor Products' plans effective July 1, 2003. Exhibit 3 at 47.

4.  It was not until after he became an employee of Standard Motor Products that plaintiff filed a claim for long-term disability benefits under Dana plan. The Dana Welfare Plans Committee denied plaintiff's claim and subsequent appeal in part because he was no longer an employee of the Dana Corporation, and thus was not covered under the Dana Plans when he submitted his claims for long-term disability benefits. Compl. ¶ 14; Exhibit 2.

5.  The Court should dismiss plaintiff's claim. Under Eleventh Circuit precedent, it is clear that plaintiff lacks standing to sue for benefits under ERISA because he is neither a "participant" nor a "beneficiary" under ERISA. 29 U.S.C. § 1002(7)-(8). *Sanson v. General Motors Corp.*, 966 F.2d 618, 621-22 (11th Cir. 1992); *Nicholson v. National Accounts, Inc.*, 105

---

v. *Alticor, Inc.*, 323 F.3d 920, 925 (11th Cir. 2003). The claim and denial is referenced in the Complaint (*See* ¶¶ 12-14), as is the asset sale (*See* ¶ 10) and the documents are central to Plaintiff's Complaint. *See Brooks v. BlueCross & BlueShield*, 116 F.3d 1364, 1369 (11th Cir. 1997) citing *Venture Assocs. Corp. v. Zenith Data Systems*, 987 F.2d 429 (7th Cir. 1993).

F. Supp. 2d 1290, 1294 (S.D. Al. 1999).  Indeed, plaintiff specifically alleges that he <u>was</u> a "participant" or "beneficiary" within the meaning of ERISA, and studiously avoids making any claim that he currently is one.  Compl. ¶ 4.

      6.     A former employee such as plaintiff is considered a "participant" only when he "has a reasonable expectation of returning to covered employment or…has a colorable claim to vested benefits."  *Firestone Tire & Rubber v. Bruch*, 489 U.S. 101, 117 (1989); *Raymond v. Mobil Oil Corp.*, 983 F.2d 1528, 1535 (10th Cir. 1993); *Nicholson*, <u>supra</u>.  Plaintiff meets neither of these criteria.  Plaintiff specifically alleges that he is no longer employed by Dana and does not have a reasonable expectation of returning to employment there, as Dana sold the portion of the business in which plaintiff worked.  Compl. ¶¶ 4, 8, 10.

      7.     Plaintiff also cannot establish standing by showing he has a "colorable claim to vested benefits."  He seeks "welfare benefits" which, under ERISA, are not vested benefits.  29 U.S.C. § 1051(1); *Alday v. Container Corp of America*, 906 F.2d 660 (11th Cir. 1990); *Nicholson*, 105 F. Supp. 2d at 1294.

      8.     Plaintiff also lacks standing because he is not a "beneficiary" of the Dana plans.  He is not, and may not become entitled to benefits under the plans.  29 U.S.C. § 1002(8); *Nicholson*, <u>supra</u>.

WHEREFORE, for the reasons set forth above and in defendants' memorandum in support of this motion, the Court should dismiss plaintiff's complaint with prejudice.

| | |
|---|---|
| **DATED: July 19, 2005** | /s/ Leslie M. Allen<br>One of The Attorneys For Defendants |
| Leslie M. Allen (ALL050)<br>BALCH & BINGHAM LLP<br>Post Office Box 306<br>Birmingham, AL 35201-0306<br>(205) 251-8100<br>(205) 226-8798 (fax) | Ian H. Morrison<br>Noah G. Lipschultz (Illinois #6275376)<br>SEYFARTH SHAW LLP<br>55 East Monroe St., Suite 4200<br>Chicago, Illinois 60603<br>(312) 346-8000<br>(312) 269-8869 (fax)<br><br>*Pro Hac Vice Application Pending* |

### **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following on this the 19th day of July, 2005:

Kenneth Shinbaum, Esq.
McPhillips Shinbaum, LLP
Post Office Box 64
Montgomery, AL 36101-0064

, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Ian H. Morrison
Noah G. Lipschultz
SEYFARTH SHAW, LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603

/s/ Leslie M. Allen
OF COUNSEL