IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Ronald Hancock ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Dana Corporation and Dana Corporation ) | Civil Action No.  2:05-CV-550-M |
| Welfare Plans Committee ) | |
| ) | |
|     Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants, the Dana Corporation and the Dana Corporation Welfare Plans Committee, pursuant to Fed R. Civ. P. 12(b)(6) and 12(b)(1), submit this memorandum in support of their motion to dismiss.

**INTRODUCTION**

Plaintiff Ronald Hancock is a former employee of the Dana Corporation.  Compl. ¶¶ 8-10.  He brings a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking to recover long-term disability benefits and medical benefits he would only qualify for if covered by Dana's long-term disability plan.  Hancock alleges that when he worked at Dana, he "was a beneficiary and a participant" in an ERISA-governed employee welfare benefit plan sponsored by Dana and administered by the Dana Corporation Welfare Plan Committee.  Compl. ¶¶ 4, 6.  Hancock alleges he became permanently disabled on May 28, 2003 and that he "was never able, and has never been able to return to work for Dana or Standard Motor Products to whom Dana sold a portion of its business."  Compl. ¶ 10.

As mentioned in the complaint, Hancock's employment with Dana ended after Dana sold a portion of its business to Standard Motor Products. Under the terms of the Asset Purchase Agreement ("Agreement") between the Dana and Standard Motor Products, Hancock and other Dana employees became employees of Standard Motor Products upon the closing date of the sale, June 30, 2003. Compl. ¶ 10, Def.'s Motion, Ex. 2, Ex. 3 at p. 47. Additionally, Standard Motor Products assumed all benefits obligations as of July 1, 2003, for Dana employees, such as plaintiff, who were considered "transferred employees" under the agreement. Def.'s Motion, Ex. 3 at 47.

At the time of the sale to Standard Motor Products, Hancock was receiving benefits under Dana's short-term disability program. Def.'s Motion Ex. 2. After his employment with Dana ended, Hancock filed a claim for long-term disability benefits under the Dana Long-Term Disability Plan, and his claim (and subsequent appeal) were denied. Compl. ¶ 14, Def.'s Motion Ex. 2. The claim and appeal were denied because Hancock was no longer an employee of Dana when he filed the claim; his eligibility under the Dana Long-Term Disability Plan ended on July 1, 2003, when he became an employee of Standard Motor Products pursuant to the Agreement. Compl. ¶ 14, Def's Ex. 2. Hancock's complaint challenges the denial of long-term disability benefits under ERISA. Compl. ¶¶ 4, 12-14.

The Court should dismiss Hancock's complaint because he lacks standing to sue under ERISA. Because Hancock alleges that he is a former employee of Dana and a former participant in the long-term disability benefit plan under which he seeks benefits, controlling Eleventh Circuit precedent holds that he is neither a "participant" nor "beneficiary" of Dana's employee benefit plans as those terms are defined in ERISA.

# ARGUMENT

I.     **PLAINTIFF LACKS STANDING TO SUE UNDER ERISA.**

    A.     **Under Rule 12(b), The Court May Examine Materials Outside Of The Complaint.**

As a general matter when ruling on a motion under Fed R. Civ. P. 12, the Court may properly consider documents not attached to the complaint, if the documents are referenced in the complaint or otherwise central to plaintiff's claims. *See Brooks v. BlueCross & BlueShield*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *Venture Assocs. Corp. v. Zenith Data Systems*, 987 F.2d 429 (7th Cir. 1993)). Additionally, when a defendant challenges subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the district court is free to independently weigh facts, including matters outside of the complaint, without removing the motion from the auspices of Rule 12. *Garcia v. Copenhaver, Bell & Associates*, 104 F.3d 1256, 1261 (11th Cir. 1997); *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806-07 & n. 8 (11th Cir. 1993). In considering a Rule 12(b)(1) motion, the Court does not presume the truth of plaintiff's allegations relating to jurisdiction, and the existence of disputed material facts will not preclude the Court from evaluating for itself the merits of the jurisdictional issue. *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)).

    B.     **Under ERISA, Plaintiff Is Neither A "Participant" Nor A "Beneficiary."**

ERISA authorizes only "participants" and "beneficiaries" to sue for benefits under an ERISA plan. 29 U.S.C. § 1132(a)(1)(B). Courts have held that this provision should be construed "narrowly" and that "civil actions under ERISA should be limited to those parties and actions Congress specifically enumerated in Section 1132." *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1524 (11th Cir. 1987). ERISA defines a "participant" as "any employee or former employee of an employer, or any member or former member of an employee organization, who

is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7); *Nicholson v. National Accounts, Inc.*, 105 F. Supp. 2d 1290, 1294 (S.D. Al. 1999). Hancock does not allege, nor could he, that he is <u>currently</u> a "participant" in any ERISA plan sponsored by Dana. To the contrary, Hancock alleges only that he "was" a participant or beneficiary in Dana's plans. Compl. ¶ 4.

It is also clear from Hancock's complaint that he is no longer employed by Dana, and thus is neither currently eligible, nor could he become eligible, to receive benefits under Dana's employee benefit plans. Hancock consistently uses the past tense to describe his employment with Dana, and he acknowledges that Dana sold the portion of its business in which he worked to Standard Motor Products. Compl. ¶¶ 4, 8, 10, 11. Under the terms of the Agreement, Hancock, along with all other employees in Dana's Engine Management Group (with certain inapplicable exceptions), became employees of Standard Motor Products as of the closing date of July 1, 2003. Def.'s Motion, Ex. 3 at p. 47, Section 11.2. The Agreement further provides that the newly transferred Standard Motor employees' ERISA welfare plan coverage would begin on the closing date of July 1, 2003, and that their coverage under Dana's plans would cease as of June 30, 2003. Def.'s Motion, Ex. 3 at 47-48, Section 11.2(d).

The Supreme Court has held that former employees like Hancock are "participants" under ERISA only when they have a reasonable expectation of returning to covered employment, or have a colorable claim to vested benefits. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989).

Hancock, however, specifically alleges that he has no chance of returning to covered employment. He admits Dana sold the operating division in which plaintiff worked. Compl. ¶ 10, Def.'s Motion, Exhibits 2 and 3. He also alleges that he has been unable to work since May

4

28, 2003. Thus, Hancock cannot establish standing under the first prong of the *Firestone* analysis.

Hancock also cannot establish that he has a colorable claim to vest benefits because the benefits he seeks are by their nature non-vested. Hancock alleges he was wrongfully denied long-term disability and medical benefits coverage, "welfare benefits" under ERISA. 29 U.S.C. § 1051(1). Congress deliberately exempted "welfare benefits" from ERISA's vesting requirements, and courts within the Eleventh Circuit have found that such benefits are not the kind of "vested benefits" the Court referenced in *Firestone*. *Alday v. The Container Corp.*, 906 F.2d 990 (11th Cir. 1990); *Nicholson*, 105 F. Supp. 2d at 1294. Thus, Hancock cannot assert standing under the second prong of the *Firestone* analysis.

*Nicholson* is analogous to the present case, and reinforces why Hancock has no standing to sue under ERISA. In *Nicholson*, the plaintiff sued her employer and ERISA plan administrator based on their failure to pay for surgery she had five days after her employment ended. The plaintiff's employer had terminated all of its employees at its Mobile, Alabama office, and though she alleged she was told her benefits would continue for a full week after her termination, plaintiff's coverage in fact ended the day her employment terminated. The court in *Nicholson* found that plaintiff lacked standing to sue under ERISA because she was neither "in, nor reasonably expected to be in" covered employment, and, because her claims arose after her employment (and coverage) terminated, she could neither "be nor become eligible for" such benefits. 105 F. Supp. 2d at 1294.

Hancock is in the same situation in this case. He is a former Dana employee with, by his own allegations, no reasonable prospect of returning to employment with Dana. In addition, his

claim for long-term disability benefits was made *after* his July 1, 2003 separation from Dana. Ex. 2.

For similar reasons, plaintiff is not a "beneficiary" within the meaning of ERISA. A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). As discussed above, because Hancock became covered under the Standard Motor Products ERISA welfare plans upon the closing of the sale by Dana Corporation, he cannot establish that he "is or may become entitled" to a benefit under the Dana Corporation plans.

## CONCLUSION

The Court should dismiss plaintiff's complaint with prejudice.


**DATED: July 19, 2005**                         /s/      Leslie M. Allen
                                                 One of The Attorneys For Defendants


Leslie M. Allen (ALL050)                         Ian H. Morrison (Illinois #6231153)
BALCH & BINGHAM LLP                              Noah G. Lipschultz (Illinois #6275376)
Post Office Box 306                              SEYFARTH SHAW LLP
Birmingham, AL 35201-0306                        55 East Monroe St., Suite 4200
(205) 251-8100                                   Chicago, Illinois 60603
(205) 226-8798 (fax)                             (312) 346-8000
                                                 (312) 269-8869 (fax)

                                                 *Pro Hac Vice Application Pending*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following on this the 19th day of July, 2005:

Kenneth Shinbaum, Esq.
McPhillips Shinbaum, LLP
Post Office Box 64
Montgomery, AL 36101-0064

, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Ian H. Morrison
Noah G. Lipschultz
SEYFARTH SHAW, LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603

/s/ Leslie M. Allen
OF COUNSEL