IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD HANCOCK, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05cv550-A |
| ) | |
| DANA CORPORATION, et al., ) | |
| ) | |
|     Defendants. ) | |

## AMENDED COMPLAINT

**COMES NOW**, Plaintiff, by and through undersigned counsel, and hereby complains of Defendants as follows:

1. The Plaintiff, Ronald Hancock, is over 19 years of age and resides in Montgomery County, Alabama.

2. The Defendant, Dana Corporation, is an Virginia corporation which does business in Montgomery, Alabama.

3. The Defendant, Dana Corporation Welfare Plans Committee, is located in the state of Ohio and is believed to be an affiliate, subsidiary, agent or division of the Defendant Dana Corporation, which reviews decisions of Dana Corporation with respect to eligibility of employees to receive benefits under Defendant Dana Corporation's benefit plans such as short-term disability, long-term disability and health and medical care.

## II.

### JURISDICTION AND VENUE

4. This is a cause of action to determine the rights of the parties under insurance group policies or plans which were issued or sponsored by the Defendant, Dana Corporation, of which the Plaintiff, Ronald Hancock, was a beneficiary and participant, which said insurance policies or plans are governed by the Employee Retirement Income Security Act of 1974 (ERISA) and, therefore, this civil action arises under the laws of the United States. Therefore, this Court has jurisdiction of this matter pursuant to 42 U. S. C. §1331.

5. This is also a civil action where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states and therefore, this Court has jurisdiction of this matter pursuant to 42 U.S.C. §1332.

6. Venue is proper in the Northern Division of the Middle District of Alabama since this cause of action arises out of group insurance policies or plans of the Plaintiff, Ronald Hancock's employer which has a place of business in Montgomery, Alabama, and the Plaintiff worked for the Defendant out of Montgomery, Alabama.

### III. COUNT ONE

**COMPLAINT FOR DECLARATORY JUDGMENT AND
TO DECLARE THE RIGHTS OF THE PARTY**

7. The Defendant, Dana Corporation is the employer and Plan Sponsor of a welfare, health care, disability and life insurance plan or insurance policy which provides short-term disability benefits, long-term benefits, health care and medical care benefits and life insurance benefits which is the subject matter of this cause of action. Further, the Director of the Dana

Benefits and Payroll Services, which is a division of Dana Corporation, is the Plan Administrator of the aforesaid insurance policies or benefit plans.

8. The Defendant, Dana Corporation Welfare Plans Committee reviews decisions of Dana Corporation and/or Dana benefits and Payroll Services regarding claims of employees pursuant to the aforesaid insurance policies or benefit plans.

9. The Plaintiff, Ronald Hancock, was an employee of the Defendant Dana Corporation and was covered under the aforesaid short-term disability policy or plan, long-term disability policy or plan, and health and medical care policy or plan issued and sponsored by the Defendants and for which the Defendants were the Plan Administrator.

10. The Plaintiff Ronald Hancock became permanently totally disabled while he was employed by the Defendant, Dana Corporation, on or about May 28, 2003, and since that date Mr. Hancock has not returned to active work because of his disability.

11. The Plaintiff's disability began while he was employed at the Defendant, Dana Corporation, and he has ever since been disabled. Further, Mr. Hancock was never able, and has never been able to return to work for Dana Corporation or a company named Standard Motor Products to whom Dana sold a portion of its business. The Defendant, Dana Corporation, through its agents and employees, told the Plaintiff, Ronald Hancock, after he had already applied for disability benefits, that if he did not sign the forms for Standard Motor Products, that the Plaintiff would lose his entitlement to all his employment benefits, and that the benefits from Standard Motor products were as good or better as Dana Corporation's. Although the Defendant, Dana Corporation, was an ERISA fiduciary who was aware of the Plaintiff, Ronald Hancock's status and situation, the Defendant's aforesaid representations were false and the defendant knew that they were going to

deny Mr. Hancock's claims for benefits claiming that he was no longer an employee of Dana Corporation but instead an employee of Standard Motor Products.

12. When Ronald Hancock asked agents of the Defendants if he needed to separately apply for long-term disability benefits, he was informed that his application for short-term disability benefits would be sufficient.

13. The Plaintiff, Ronald Hancock, is entitled to long-term disability benefits because the disability which prevents him from performing any and every duty of an occupation or employment for which he was reasonably qualified by education, training or experience, began when he was employed by the Defendant, Dana Corporation, and he has not physically returned to work since that time, and has been awarded social security disability.

14. As a further result of the Defendants wrongfully denying the Plaintiff long-term disability benefits, the defendants are also denying the Plaintiff health care and medical benefits to which he would be eligible in the event he was receiving long-term disability benefits.

15. The Plaintiff has met all criteria for long-term disability benefits.

16. The Plaintiff has made a proper claim with the Defendants for his long-term disability benefits but has been denied.

17. The Plaintiff is entitled to rights and benefits under the terms of the employee benefit plans, namely, the aforesaid long-term disability plan and the medical and health care plan.

18. The Defendants have denied the Plaintiff the rights and benefits that Plaintiff claimed and was entitled to receive under the terms of the employee benefit plan, namely, the aforesaid long-term disability plans and medical and health care plans.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Court:

    A.    Will award the Plaintiff all benefits due from the Defendants and enforce Plaintiff's rights under the terms of the employee benefit plan, and clarify Plaintiff's rights to future benefits owed under the terms of the employee benefit plans.

    B.    Grant the Plaintiff such equitable relief and remedies to which he may be entitled against the Defendant, Dana Corporation, for their breach of fiduciary duties.

    C.    Award a reasonable attorney's fee against the Defendants.

### IV. COUNT TWO
### BREACH OF CONTRACT

19.    Plaintiff realleges paragraphs numbers 1, 2, 3, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, and 18 of this Complaint as if fully set forth herein.

20.    The Plaintiff's disability began while he was employed at the Defendant, Dana Corporation, and he has ever since been disabled. Further, Mr. Hancock was never able, and has never been able to return to work for Dana Corporation or a company named Standard Motor Products to whom Dana sold a portion of its business. The Defendant, Dana Corporation, through its agents and employees, told the Plaintiff, Ronald Hancock, after he had already applied for disability benefits, that if he did not sign the forms for Standard Motor Products, that the Plaintiff would lose his entitlement to all his employment benefits, and that the benefits from Standard Motor Products were as good or better as Dana Corporation's. Although the Defendant, Dana Corporation, was in a fiduciary relationship with Ronald Hancock and was aware of the Plaintiff, Ronald Hancock's status and situation, the Defendant's aforesaid representations were false and the Defendants knew that they were going to deny Mr. Hancock's claims for benefits claiming that he

was no longer an employee of Dana Corporation but instead an employee of Standard Motor Products.

21. The Defendants have willfully breached its contract with Ronald Hancock to provide him with long-term disability benefits to which he is entitled and to provide him with the medical benefits to which he is entitled.

22. As a proximate result of the Defendants' breach of contract with contumacy, the Plaintiff has been denied long-term disability benefits to which he has been entitled, medical care benefits to which he has been entitled, and has suffered extreme mental anguish and mental suffering.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Court:

A. Will award the Plaintiff compensatory damages in such an amount to which a jury may deem Mr. Hancock to be entitled to under the proof and pleadings herein which exceeds the amount of $300,000.00.

B. Grant the Plaintiff such equitable relief and remedies to which he may be entitled against the Defendant, Dana Corporation, for their breach of fiduciary duties.

C. Award costs associated with this action.

## V. COUNT THREE

### FRAUD: CODE OF ALABAMA 1975, §6-5-101

23. Plaintiff realleges paragraph numbers 1, 2, 3, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17 and 18 of this Complaint as if fully set forth herein.

24. The Plaintiff's disability began while he was employed at the Defendant, Dana Corporation, and he has ever since been disabled. Further, Mr. Hancock was never able, and has

never been able to return to work for Dana Corporation or a company named Standard Motor Products to whom Dana sold a portion of its business.  The Defendant, Dana Corporation, through its agents and employees, willfully misrepresented with intent to deceive or recklessly without knowledge misrepresented, or innocently misrepresented to the Plaintiff, Ronald Hancock, after he had already applied for disability benefits, that if he did not sign the forms for Standard Motor Products, that the Plaintiff would lose his entitlement to all his employment benefits, and that the benefits from Standard Motor Products were as good or better as Dana Corporation's.  Although the Defendant, Dana Corporation, was in a fiduciary relationship with Ronald Hancock and was aware of the Plaintiff, Ronald Hancock's status and situation, the Defendant's aforesaid representations were false and the Defendants knew that they were going to deny Mr. Hancock's claims for benefits claiming that he was no longer an employee of Dana Corporation but instead an employee of Standard Motor Products.  That the aforesaid misrepresentations made by the Defendants were false and reasonably acted upon by the Plaintiff, Ronald Hancock, to his detriment.

25.     The Defendants' aforesaid misrepresentations have caused the Plaintiff, Ronald Hancock, not to be provided with the long-term disability benefits to which he was entitled and not to be provided the medical benefits to which he was entitled.

26.     As a proximate result of the Defendants' misrepresentations with contumacy, the Plaintiff has suffered extreme mental anguish and mental suffering.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Court:

A.      Will award the Plaintiff compensatory and punitive damages in such an amount to which a jury may deem Mr. Hancock to be entitled to under the proof and pleadings herein which exceeds the amount of $300,000.00.

    B.    Grant the Plaintiff such equitable relief and remedies to which he may be entitled against the Defendant, Dana Corporation, for their breach of fiduciary duties.

    C.    Award costs associated with this action.

## V.  COUNT FOUR

### FRAUD: CODE OF ALABAMA 1975, §6-5-104,§6-5-103,§6-5-102

27.    Plaintiff realleges paragraphs numbers 1, 2, 3, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, and 18 of this Complaint as if fully set forth herein.

28.    The Plaintiff's disability began while he was employed at the Defendant, Dana Corporation, and he has ever since been disabled. Further, Mr. Hancock was never able, and has never been able to return to work for Dana Corporation or a company named Standard Motor Products to whom Dana sold a portion of its business. The Defendant, Dana Corporation, through its agents and employees, willfully deceived Ronald Hancock with intent to induce him to alter his position to his injury by telling the Plaintiff, Ronald Hancock, after he had already applied for disability benefits, that if he did not sign the forms for Standard Motor Products, that the Plaintiff would lose his entitlement to all his employment benefits, and that the benefits from Standard Motor Products were as good or better as Dana Corporation's. Said statements were made by the Defendants agents who (1) did not believe said statements to be true, or (2) did not have any reasonable ground for believing the statements to be true, or (3) suppressed facts which they were bound to disclose due to their fiduciary relationship, or (4) gave information of facts which were likely to mislead for want of suppression of facts. In particular, the Defendant, Dana Corporation, and its agents were in a fiduciary relationship with Ronald Hancock, and were aware of the Plaintiff, Ronald Hancock's status and situation and the Defendants knew that its aforesaid representations

were false and that the Defendants were going to deny Mr. Hancock's claims for benefits claiming that he was no longer an employee of Dana Corporation but instead an employee of Standard Motor Products. The aforesaid misrepresentations made by the Defendants were false and reasonably acted upon by the Plaintiff, Ronald Hancock, to his detriment.

29. The Defendants' aforesaid deceitful actions have caused the Plaintiff, Ronald Hancock, not to be provided with the long-term disability benefits to which he was entitled and not to be provided the medical benefits to which he was entitled.

30. As a proximate result of the Defendants' deceit the Plaintiff has suffered extreme mental anguish and mental suffering.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Court:

A. Will award the Plaintiff compensatory and punitive damages in such an amount to which a jury may deem Mr. Hancock to be entitled to under the proof and pleadings herein which exceeds the amount of $300,000.00.

B. Grant the Plaintiff such equitable relief and remedies to which he may be entitled against the Defendant, Dana Corporation, for their breach of fiduciary duties.

C. Award costs associated with this action.

## VI. COUNT FIVE

### EQUITABLE ESTOPPEL

31. Plaintiff realleges paragraphs numbers 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 24, 25, 28, and 29 of this Complaint as if fully set forth herein.

32. The Defendants made the aforesaid communication in a misleading way either by words, conduct, or silence, and as a proximate result, the Plaintiff, Ronald Hancock, relied upon the

aforesaid communications by the Defendants and is being materially harmed by the Defendants' assertion that he is not covered under the long-term disability policy of the Defendants.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Court:

A.  Will order that the Defendants to grant the Plaintiff the long-term disability benefits and the medical care benefits to which he is entitled under Dana Corporation Welfare Plan.

B.  Grant the Plaintiff such equitable relief and remedies to which he may be entitled against the Defendant, Dana Corporation, for their breach of fiduciary duties.

C.  Award costs associated with this action.

Respectfully submitted this 9th day of August, 2005.

/s/ Kenneth Shinbaum (SHI006)

ATTORNEY FOR PLAINTIFF

OF COUNSEL:
MCPHILLIPS SHINBAUM, L.L.P.
516 S. Perry Street
Post Office Box 64 (36101-0064)
Montgomery, Alabama 36104
Telephone:  334/262-1911
Facsimile:  334/263-2321

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following on this the 9th day of August, 2005:

Leslie M. Allen, Esq.
Balch & Bingham, LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Ian H. Morrison, Esq.
Noah G. Lipschultz, Esq.
Seyfarth Shaw LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603

/s/ Kenneth Shinbaum
OF COUNSEL