IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD HANCOCK,        ) | |
| ) | |
|     Plaintiff,        ) | |
| ) | |
| v.        ) | CIVIL ACTION NO. 2:05cv550-A |
| ) | |
| DANA CORPORATION, et al.,        ) | |
| ) | |
|     Defendants.        ) | |

**PLAINTIFF'S RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS**

COMES NOW the Plaintiff in the above styled action, and in response to the Defendants' Motion to Dismiss, states as follows:

**INTRODUCTION**

Defendants' Motion to Dismiss is solely based upon the Plaintiff's lack of standing to bring an ERISA action. In Hobbs v. Blue Cross & Blue Shield, 276 F.3d 1236, 1240 (11th Cir. 2001), the Eleventh Circuit stated, "[u]nder the doctrine of complete preemption, a plaintiff must have standing to sue under a relevant ERISA plan before a state law claim can be recharacterized as arising under federal law, subject to federal court jurisdiction." See also Curtis v. Nevada Bonding Corp., 53 F.3d 1023 (without standing to enforce ERISA, there can be no ERISA preemption). Therefore, if the Defendants are correct in their assertion that the Plaintiff lacks standing to bring an ERISA claim, then the Plaintiff is not preempted from bringing state law claims.

**ARGUMENT**

**PLAINTIFF SHOULD HAVE STANDING TO SUE**

In the present case the Plaintiff, Ronald Hancock, alleges that he was an employee of Dana Corporation when he became permanently disabled. Plaintiff further alleges that he was an employee of Dana Corporation when he applied for disability benefits under the Dana Corporation plan. Plaintiff, Ronald Hancock, further alleges that he was an employee of Dana Corporation when it breached its fiduciary duties to Ronald Hancock by making misrepresentations to him and failing to inform him that his benefits would be denied if he was no longer an employee of Dana Corporation. Ronald Hancock was an employee of Dana Corporation when Dana Corporation, in its fiduciary capacity, misrepresented to him that if he did not sign the forms of Standard Motor Products, the Plaintiff would lose entitlement to all his employment benefits and that the benefits from Standard Motor Products were as good or better as Dana Corporation's.

ERISA authorizes civil suits for appropriate equitable relief to enforce provisions of ERISA or the terms of the plan. 29 U.S.C. §1132(a)(3). The Supreme Court has interpreted equitable relief as referring to those categories of relief typically available in equity such as injunction, mandamus, and restitution, but no compensatory damages. Mertens v. Hewitt Assocs. 508 U.S. 248, 256 (1993).

In Varity Corporation v. Howe, 516 U. S. 489, 116 S.Ct. 1065 (1996), the Supreme Court held that if an employer, as a fiduciary, participates knowingly and significantly in deceiving a plan's beneficiary in order to save the employer money at the beneficiaries' expense, then said employer has not acted solely in the interests of the participants and beneficiaries, in violation of 29 U.S.C. 1104(a)(1). Varity at 506.

In the present case, at the time the Defendants breached their fiduciary duties under 29 U.S.C. 1104(a)(1), the Plaintiff was an employee of Dana Corporation, and therefore, the Plaintiff has standing.

Respectfully submitted this 9th day of August, 2005.

/s/ Kenneth Shinbaum (SHI006)

ATTORNEY FOR PLAINTIFF

OF COUNSEL:
MCPHILLIPS SHINBAUM, L.L.P.
516 S. Perry Street
Post Office Box 64 (36101-0064)
Montgomery, Alabama 36104
Telephone:  334/262-1911
Facsimile:  334/263-2321

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following on this the 9th day of August, 2005:

Leslie M. Allen, Esq.
Balch & Bingham, LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Ian H. Morrison, Esq.

Noah G. Lipschultz, Esq.
Seyfarth Shaw LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603

/s/ Kenneth Shinbaum
OF COUNSEL