IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Ronald Hancock ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 2:05-CV-550-M |
| Dana Corporation and Dana Corporation ) | |
| Welfare Plans Committee ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants, the Dana Corporation and the Dana Corporation Welfare Plans Committee, submit this reply in support of their motion to dismiss the complaint.

**INTRODUCTION**

Hancock's response to the motion to dismiss concedes that he has no standing to sue to bring a claim under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B). Hancock does not contest defendants' arguments that, because he is a _former_ employee of Dana and a _former_ participant in the long-term disability benefit plan under which he seeks benefits, controlling Eleventh Circuit precedent holds that he is neither a "participant" nor "beneficiary" of Dana's employee benefit plans as those terms are defined in ERISA. Plaintiff instead responds to defendants' motion by arguing that he has standing to sue under ERISA Section 502(a)(3). This assertion is incorrect. ERISA

Section 502(a)(3) is not the appropriate vehicle for plaintiffs' claim for benefits and the relief he seeks is not authorized under that section of the statute.[1]

## ARGUMENT

I.   **PLAINTIFF LACKS STANDING TO SUE UNDER ERISA SECTION 502(A)(3) AND, IN ANY EVENT, DOES NOT SEEK "APPROPRIATE EQUITABLE RELIEF" UNDER THE STATUTE.**

   A.   *Varity* **Is Factually Distinguishable And Does Not Support Plaintiff's Standing Argument.**

Plaintiff concedes that he has no standing to bring a claim under ERISA Section 502(a)(1)(B), presumably because controlling Eleventh Circuit precedent holds that he is neither a "participant" nor a "beneficiary" of the alleged ERISA plan. Instead, plaintiff attempts to re-characterize his claim as one arising under ERISA Section 502(a)(3), and, citing *Varity Corp. v. Howe*, 516 U.S. 489 (1996), argues the he has standing under that provision. Plaintiff over-simplifies *Varity*, which is distinguishable from this case, and ignores the critical flaw with his Section 502(a)(3) claim, namely, that plaintiff seeks relief not authorized under that section of ERISA.

*Varity* does not aid plaintiff's standing argument. First, Section 502(a)(3) does not provide an independent grant of standing to plaintiff. Plaintiff must still satisfy ERISA's definition of "participant" or "beneficiary" to recover under Section 502(a)(3) (it is undisputed he is not a "fiduciary" within the meaning of the statute). For the reasons set forth in defendants' motion to dismiss, plaintiff qualifies as neither. Second, *Varity* did not directly address the issue

---

[1] The first substantive paragraph of plaintiff's response relates to his motion to amend the complaint, which the court has held in abeyance pending a ruling on the motion to dismiss. Defendants believe that any state law claims plaintiff asserts are preempted by ERISA (even if plaintiff has no standing under ERISA Section 502) and will so argue if the Court directs defendants to file a response to the motion to amend.

of whether plaintiffs had standing under Section 502(a)(3), because the defendant in that case conceded standing. 516 U.S. at 508.

Moreover, *Varity* is factually distinguishable. In *Varity*, the fiduciaries engaged in certain misrepresentations in order to encourage employees to leave one company to join another company, which the fiduciaries allegedly knew would fail. By electing to leave employment in response to the fiduciaries' representations, the plaintiffs gave up their rights as participants in their former employer's benefit plans. 516 U.S. at 493-94. In essence, in *Varity*, but for defendants' misrepresentations, plaintiffs would have remained employees of their original employers and participants in that company's benefit plans.

In this case, however, plaintiff alleges that Dana sold the portion of the business in which he worked to a third party, thus terminating his employment at Dana and eligibility under the Dana plan regardless of what plaintiff alleges he was told. *See* Def.'s Motion, ¶ 3, Ex. 3. Moreover, when his employment at Dana ended, he had not yet qualified for the long-term disability benefits he seeks because he had not reached the end of the "elimination period" under Dana's long-term disability plan. Compl. ¶ 14, Def.'s Motion, Ex. 2. Plaintiff alleges that Dana representatives told him that, "if he did not sign forms for Standard Motor Products, he would lose his entitlement to all his employment benefits" and that the benefits from Standard Motor Products were as good or better than those at Dana Corporation. Compl. ¶ 10. This allegation does not state a claim under *Varity* because it does not show that plaintiff was tricked into leaving Dana's employment by any misrepresentations. To the contrary, plaintiff's employment at Dana ended as a result of the sale to Standard Motor Products. Unlike the plaintiffs in *Varity*, he does not allege that he was induced to resign from Dana due to any misrepresentation by a plan fiduciary. Nor is there any allegation that the sale to Standard Motor Products was

3

motivated by a desire to avoid paying plaintiff disability benefits. To the contrary, plaintiff would not have been eligible for and did not apply for long-term disability benefits until a date well after the sale was consummated and his employment with Dana had ended.

>   B.   **Plaintiff Fails To State A Claim Under Section 502(a)(3) Because He Merely Seeks Benefits Under An ERISA Plan.**

Plaintiff's complaint does not cite the provision of ERISA upon which plaintiff bases his claim, but regardless of how plaintiff characterizes it, it is plain that he is seeking benefits under an ERISA plan. It is evident from plaintiff's own pleading that the focus of his suit is to recover "all benefits due from the Defendants and enforce plaintiff's rights under the terms of the employee benefit plan." Compl., Prayer for Relief. As such, his claim fits squarely within ERISA Section 502(a)(1)(B).

In his response to Dana's motion, plaintiff asserts that he is really bringing his claim under ERISA Section 502(a)(3). Courts, however, have rejected plaintiffs' attempts to bring Section 502(a)(3) claims that are really claims for benefits in disguise, even if the plaintiff has no standing to sue under ERISA Section 502(a)(1)(B). *Coyne & Delany Co. v. Blue Cross & Blue Shield of Virginia*, 102 F.3d 712 (4th Cir. 1996). In *Coyne*, the plaintiff was an employer fiduciary who sought to recover benefits on behalf of one of its employees. After concluding that the plaintiff in essence sought benefits under an ERISA plan, the court noted that the plaintiff lacked standing to sue under Section 502(a)(1)(B) and rejected the plaintiff's effort to re-characterize its claim as arising independently under Section 502(a)(3):

> To permit the suit to proceed as a breach of fiduciary duty action would encourage parties to avoid the implications of section 502(a)(1)(B) by artful pleading; indeed every wrongful denial of benefits could be characterized as a breach of fiduciary duty under [plaintiff's] theory

102 F.3d at 714; *see also Cocoran v. United Healthcare, Inc.*, 965 F.2d 1321, 1335 (5th Cir. 1992) (court found that when a beneficiary simply wants what was supposed to have been distributed under the plan, the appropriate remedy is a claim under Section 502(a)(1)(B)).

In this case, as in *Coyne*, the fact that plaintiff lacks standing under ERISA Section 502(a)(1)(B), does not alter the fact that claiming benefits pursuant to ERISA Section 502(a)(3) is inappropriate and not authorized by the statute.

### C. The Relief Plaintiff Seeks Is Not "Appropriate Equitable Relief" Under *Great-West Life & Annuity Inc. Co. v. Knudson*.

Even if plaintiff could bring a claim under ERISA § 502(a)(3), the relief he seeks is not authorized by that section of ERISA. Plaintiff cites *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993), and argues that the Supreme Court has interpreted Section 502(a)(3)'s reference to "equitable relief" as referring to categories of relief typically available in equity, such as injunction, mandamus, and restitution. In *Great West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), the Supreme Court further refined its interpretation of this provision, and found that "a claim for money due and owing under a contract is 'quintessentially an action at law'" and thus not appropriately considered "equitable relief" under Section 502(a)(3). 534 U.S. at 210 (citations omitted). The plaintiff in *Knudson* sought to "impose personal liability on respondents for a contractual obligation to pay money" by enforcing the reimbursement provisions of an ERISA plan. *Id.* The plaintiff in *Knudson* attempted to characterize its claim as one for "restitution" – typically associated with claims in equity. The Court found, however, that plaintiff's claim was more properly characterized as an action for restitution in law, and not in equity, because it involved the imposition of personal liability on defendant, not the imposition of a constructive trust or equitable lien on a particular piece of property. 534 U.S. at 214-215.

Under *Knudson*, plaintiff's claim for payment of long-term disability benefits simply cannot be appropriately characterized as seeking "equitable relief" within the meaning of ERISA Section 502(a)(3). The plaintiff seeks to enforce provisions of an ERISA plan, which would require the payment of money to plaintiff. Such a claim for money damages in not a claim for equitable remedies under ERISA. *Crosby v. Bowater Inc. Ret. Plan for Salaried Employees of Great N. Paper, Inc.*, 382 F.3d 587, 594 (6th Cir. 2004) (recovery of benefits not considered "equitable relief" under 502(a)(3), even where relief is sought through equitable means); *BlueCross Blue Shield v. Carillo*, 372 F. Supp. 2d 628 (N.D. Ga. 2005) (plaintiff's suit to enforce ERISA plan's reimbursement provision, regardless of how characterized, is not authorized by ERISA Section 502(a)(3)). Plaintiff's claim for a monetary award of benefits is not authorized by ERISA Section 502(a)(3); therefore, the Court should dismiss any claim under that provision of ERISA.

## CONCLUSION

The Court should dismiss plaintiff's complaint with prejudice.

| | |
|---|---|
| **DATED: August 16, 2005** | By /s Noah Lipschultz |

| | |
|---|---|
| Leslie M. Allen (ALL050) | Ian H. Morrison (Illinois #6231153) |
| BALCH & BINGHAM LLP | Noah G. Lipschultz (Illinois #6275376) |
| Post Office Box 306 | SEYFARTH SHAW LLP |
| Birmingham, AL 35201-0306 | 55 East Monroe St., Suite 4200 |
| (205) 251-8100 | Chicago, Illinois 60603 |
| (205) 226-8798 (fax) | (312) 346-8000 |
| | (312) 269-8869 (fax) |
| | |
| | *Appearing Pro Hac Vice* |

## CERTIFICATE OF SERVICE

The undersigned caused a true and correct copy of *Defendants' Reply in Support of Motion to Dismiss* to be filed electronically using the electronically filed using the CM/ECF system and served upon the following counsel of record on this 16th day of August, 2005 by placing the same in the U.S. Mail:

    Kenneth Shinbaum, Esq.
    McPhillips Shinbaum, L.L.P.
    Post Office Box 64
    Montgomery, AL 36101-0064

_____
/s Noah Lipschultz