IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION


RONALD HANCOCK,                          )
                                         )
      Plaintiff,                        )
                                         )
v.                                       )    CIVIL ACTION NO. 2:05cv550-A
                                         )
DANA CORPORATION, et al.,                )
                                         )
      Defendants.                       )


**PLAINTIFF'S SUPPLEMENTAL BRIEF**

In <u>Hamilton v. Allen-Bradley Co., Inc.</u>, 244 F.3d 819 (11th Cir. 2001), the Eleventh

Circuit stated:

> In *Varity*, the Supreme Court tackled the exact same issue present
> here, whether §1109 functions as an exclusive remedy for breaches
> of fiduciary duties or whether remedies outside the statute can exist.
> The Supreme Court adopted the latter approach by stating that there
> was nothing in the statute, or in the legislative history, which
> indicated that §1109 functioned as a limitation of rights, given the
> statute's overall purpose in benefitting injured beneficiaries. *See*
> *Varity*, 516 U.S. at 511-512, 116 S.Ct. 1065. Therefore, the Supreme
> Court concluded that any losses, the remedy of which was not
> contemplated within ERISA, provided a private right of action
> through the catch-all phrase of <u>29 U.S.C. §1132</u> (a)(3). *See id.* at
> <u>512, 116 S.Ct. 1065</u>.

• • •

> Allen's other argument is that *Varity* does not apply in this case
> because Hamilton has not asserted a cause of action under the catch-
> all provision of ERISA, but rather under a provision where the statute
> has already contemplated a remedy. *See* 29 U.S.C. §1132(a)(1)(B).
> The Supreme Court, in *Varity*, has already implicitly rejected this
> argument by saying that it is ERISA itself that acts as the safety net;
> if a violation has no appropriate remedy provided by ERISA, then the
> catch-all provision acts as a safety net by offering appropriate
> equitable relief. See <u>*Varity*, 516 U.S. at 512, 117 S.Ct. 1065.</u> It is

irrelevant under what heading Hamilton pled, because if the remedy
she seeks is outside ERISA, as it is in this instance (because a private
cause of action is not contemplated within the four corners of the
statute), then the catch-all provision automatically applies.  Thus,
Hamilton has standing to bring a cause of action against Allen.

Hamilton v. Allen-Bradley Co., Inc., p. 826.

In the present case the Plaintiff alleges that the Defendants are the plan

administrators.  The Plaintiff further alleges that after he became disabled and had applied for

disability benefits, the Defendants breached their fiduciary duties by (1) misrepresenting to him that

if he did not sign the forms for Standard Motor Products, that the Plaintiff would lose entitlement

to all employment benefits, and that the benefits from Standard Motor Products were as good or

better as Dana Corporation's and (2) by failing to inform the Plaintiff that the Defendants would be

denying Mr. Hancock's claims for benefits, claiming that he was no longer an employee of Dana

Corporation but instead an employee of Standard Motor Products although the Defendants were

aware of the Plaintiff's status and situation with respect to his need for health and disability benefits,

and knew they had made the aforesaid false representations to the Plaintiff.  (See paragraphs 2, 3,

6, 8, 9, and 10 of the Complaint.)

In Varity Corporation v. Howe, 516 U. S. 489, 116 S.Ct. 1065 (1996), the Supreme Court

held that if an employer, as a fiduciary, participates knowingly and significantly in deceiving a

plan's beneficiary in order to save the employer money at the beneficiaries' expense, then said

employer has not acted solely in the interests of the participants and beneficiaries, in violation of 29

U.S.C. 1104(a)(1).  Varity at 506.  Further where an employer takes action rendering an employee

ineligible for benefits to ensure that an employee would be ineligible for benefits the employee may

have acted with sufficient discretionary judgment to be a fiduciary under ERISA.  Florida Health

Services Center, Inc. v. Humana Medical Plan, Inc. 190 F.Supp. 2d 1297, 1302 (M.D. Fla. 2001)

In Wanza v. Aetna Health, Inc., 352 F. Supp.2d 1320 (S.D. Fla. 2005), the Court stated:

> The Eleventh Circuit has held that §1109 is not the exclusive remedy under ERISA for a breach of fiduciary duty. See *Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819, 826 (11th Cir. 2001) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 511-12, 134 L.Ed.2d 130, 116 S. Ct. 1065 (1996)). The Supreme Court held in *Varity* that the "catch-all" provision under §1132(a)(3) could also provide for an individual remedy for breach of fiduciary duty, but only if no other provisions in ERISA provided appropriate relief.

Wanza v. Aetna Health, Inc. at p. 1322, note 4.

In the present case if the Defendants are correct that no other provisions in ERISA provide appropriate relief, the Plaintiff has standing to bring a case against the Defendants for the breach of their fiduciary duties under the catch-all provision of 29 U.S.C. §1132 (a)(3). See Hamilton v. Allen-Bradley Co., Inc., supra.

However, if the Plaintiff does not have standing to bring an action under ERISA against the Defendants, then in such an event the Plaintiff is not preempted from bringing state law claims against the Defendants. Hobbs v. Blue Cross & Blue Shield, 276 F.3d 1236, 1240 (11th Cir. 2001).

Respectfully submitted this 31st day of August, 2005.

/s/ Kenneth Shinbaum (SHI006)
ATTORNEY FOR PLAINTIFF

OF COUNSEL:
MCPHILLIPS SHINBAUM, L.L.P.
516 S. Perry Street
Post Office Box 64 (36101-0064)
Montgomery, Alabama 36104

Telephone:  334/262-1911
Facsimile:  334/263-2321

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following on this the 31st day of August, 2005:

Leslie M. Allen, Esq.
Balch & Bingham, LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

, and I hereby certify that I have mailed by United States Postal Service the document to the

following non-CM/ECF participants:

Ian H. Morrison, Esq.
Noah G. Lipschultz, Esq.
Seyfarth Shaw LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603

/s/ Kenneth Shinbaum
OF COUNSEL