IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Ronald Hancock | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 2:05-CV-550-M |
| Dana Corporation and Dana Corporation | ) | |
| Welfare Plans Committee | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SUPPLEMENTAL BRIEF ON *HAMILTON V. ALLEN-BRADLEY CO.*__**

Defendants, the Dana Corporation and the Dana Corporation Welfare Plans Committee, pursuant to this Court's August 22, 2005 order, submit the following memorandum discussing the application of *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819 (11th Cir. 2001), to this case.

**INTRODUCTION**

Dana initially moved to dismiss plaintiff's complaint, which seeks welfare benefits under an ERISA plan, on the ground that plaintiff lacked standing to sue under ERISA Section 502(a)(1)(B). Plaintiff's response conceded that he lacked standing to sue as a "participant" or "beneficiary" under ERISA Section 502, but argued that he could still bring a claim under ERISA Section 502(a)(3).

Dana argued in response that plaintiff lacked standing under Section 502(a)(3) and, in addition, could not state a claim under that section of ERISA because he sought benefits under an ERISA plan, which courts have held is not "appropriate equitable relief" – the only form of relief authorized by that section. Dana also argued that *Varity Corp v. Howe*, 516 U.S. 489 (1996), presented facts which were distinguishable and did not authorize Hancock's putative ERISA Section 502(a)(3) claim.

The Eleventh Circuit's decision in *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819 (11th Cir. 2001), does not alter Dana's arguments. First, the *Hamilton* court did not explicitly deal with the issue of standing, either under Section 502(a)(1)(B) or Section 502(a)(3). Instead, it focused on the overall viability of a cause of action for a breach of fiduciary duty under the latter section, where a cause of action under the former section potentially existed. More importantly, the *Hamilton* decision also does not change the fact that plaintiff is not seeking "appropriate equitable relief" within the meaning of ERISA Section 502(a)(3). The *Hamilton* decision, which pre-dates the Supreme Court's decision in *Great West Life & Annuity Ins. Co. v. Knudson*, conspicuously omits <u>any</u> discussion or analysis of the phrase "appropriate equitable relief" under ERISA Section 502(a)(3). After *Knudson*, courts analyzing this provision have focused on whether the relief sought essentially involves the payment of monies, and have concluded that where it does, it is not "appropriate equitable relief" within the meaning of the statute. For that reason, Hancock may not bring his claim for disability benefits under ERISA Section 502(a)(3).

## ARGUMENT

I. ***HAMILTON*** **DOES NOT SUPPORT A CAUSE OF ACTION UNDER SECTION 502(A)(3) IN THIS CASE.**

    A. **The Issue Of Standing Was Not Before The *Hamilton* Court.**

The *Hamilton* court did not discuss the standing issue raised by Dana's motion. Indeed, it remanded plaintiff's Section 502(a)(1)(B) claim to the district court "for a determination of the other elements of a wrongful denial claim" because the district court, having found the claims untimely, had not analyzed these issues. 244 F.3d at 825. With respect to plaintiff's breach of fiduciary duty claim, the court did note that the plaintiff "has standing to bring a cause of action." 244 F.3d at 826. But a closer examination of the context of this statement reveals that the court was concerned not with issues of standing when it made this comment, but instead with

whether such a claim was independently cognizable from a 502(a)(1)(B) claim. Immediately preceding this statement in *Hamilton*, the court discussed the impact of the potential availability of a Section 502(a)(1)(B) claim on the viability of a claim under Section 502(a)(3), and was responding to defendant's argument that plaintiff could not bring both. Thus, read in context, the court's statement that plaintiff "has standing to bring a cause of action" means nothing more than that plaintiff could theoretically state a cause of action under Section 502(a)(3), even though a cause of action under Section 502(a)(1)(B) might also be available. *Id.*

This suggestion is itself highly questionable, and is inconsistent with the majority of cases analyzing the issue since *Varity*. *Ogden v. Blue Bell Creameries*, 348 F.3d 1284 (11th Cir. 2003); *Coyne & Delany Co. v. Blue Cross & Blue Shield of Virginia*, 102 F.3d 712 (4th Cir. 1996); *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 615 (6th Cir. 1998). These cases all hold that a plaintiff may not seek ERISA plan benefits in an action under Section 502(a)(3), which is what Hancock is attempting to do. This is true even where plaintiff is ultimately not entitled to relief under Section 502(a)(1)(B). *See Coyne*, 102 F.3d at 714 (Section 502(a)(3) claim for plan benefits not cognizable, even though plaintiff lacked standing to sue under Section 502(a)(1)(B)); *Ogden*, 348 F.3d 1284 (11th Cir. 2003) (no cause of action under Section 502(a)(3) even though plaintiff's Section 502(a)(1)(B) claim was barred by res judicata); *Calhoon v. TWA, Inc.*, 400 F.3d 593, 598 (8th Cir. 2005) (plaintiffs not allowed to recover benefits under Section 502(a)(3) even though Section 502(a)(1)(B) claim precluded because they were no longer members of the plan).

B.  *Hamilton* Does Not Alter The Undisputed Fact That Plaintiff Seeks Benefits Which Are Not Considered "Appropriate Equitable Relief" Under Section 502(a)(3).

Even if Hancock had standing to bring a claim under ERISA § 502(a)(3), the relief he seeks is not authorized by that section of ERISA. It is unclear what type of relief the plaintiff sought in *Hamilton*; the court did not discuss it, but merely stated:

> It is irrelevant under what heading Hamilton pled, because if the remedy she seeks is outside ERISA, as it is in this instance (because a private right cause of action is not contemplated within the four corners of the statute), then the catch-all provision automatically applies.

244 F.3d at 826.

This statement is incorrect and inconsistent with the Supreme Court's later decision in *Great West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), and post-*Knudson* cases. Post-*Knudson* cases focus on language of Section 502(a)(3), and closely analyze whether plaintiff seeks "appropriate equitable relief" within the meaning of that section. *See, e.g., Flint v. ABB, Inc.*, 337 F.3d 1326, 1330-31 (11th Cir. 2003); *Calhoon*, 400 F.3d 593 (8th Cir. 2005); *Crosby v. Bowater Inc. Ret. Plan for Salaried Employees of Great N. Paper, Inc.*, 382 F.3d 587, 594 (6th Cir. 2004); *BlueCross Blue Shield v. Carillo*, 372 F. Supp. 2d 628 (N.D. Ga. 2005); *Hampl v. Franklin International, Inc.*, Case No. 2:04-cv-847 (S.D. Ohio, August 11, 2005)

The purpose of Hancock's claim in this case is to recover benefits under Dana's ERISA plan. As such, Hancock does not seek "appropriate equitable relief." In *Knudson*, the Supreme Court found that "a claim for money due and owing under a contract is 'quintessentially an action at law'" and thus is not "equitable relief" under Section 502(a)(3). 534 U.S. at 210 (citations omitted). The plaintiff in *Knudson* sought to "impose personal liability on respondents for a contractual obligation to pay money" by enforcing the reimbursement provisions of an ERISA plan. *Id.* Hancock seeks to enforce provisions of an ERISA plan, which would require

4

the payment of money to plaintiff. This is a claim for money damages, not equitable remedies under ERISA Section 502(a)(3). *Crosby*, 382 F.3d 587, 594 (6th Cir. 2004) (recovery of benefits not considered "equitable relief" under 502(a)(3), even where relief is sought through equitable means); *Carillo*, 372 F. Supp. 2d 628 (N.D. Ga. 2005) (plaintiff's suit to enforce ERISA plan's reimbursement provision, regardless of how characterized, is not authorized by ERISA Section 502(a)(3)); *Hampl*, Case No. 2:04-cv-847 (S.D. Ohio, August 11, 2005) (Court dismissed plaintiff's Section 502(a)(3) claim, which sought benefits under an ERISA plan, because plaintiff's claims, regardless of how characterized, were "legal claims for the payment of money"); *Calhoon*, 400 F.3d 593 at 598 (plaintiff's claim for ERISA benefits not cognizable under ERISA Section 502(a)(3), even though plaintiff was precluded from recovering under Section 502(a)(1)(B)). Thus, Hancock cannot pursue his claim under ERISA Section 502(a)(3).

    **C.**    **In Any Event, *Hamilton* Is Factually Distinguishable.**

*Hamilton*, like *Varity*, involved a situation where plaintiff was a former employee who essentially alleged she was "duped" out of benefits by virtue of defendant's alleged malfeasance. In *Hamilton*, this took the form of obstructing and generally failing to facilitate plaintiff's application for disability benefits. Defendant capitalized on its fiduciary breach by later denying plaintiff's claim for benefits as untimely. Similarly, in *Varity*, defendant's alleged misrepresentations caused plaintiffs to voluntarily give up their rights as participants under an ERISA plan. As stated in Dana's reply brief, plaintiff alleges no such thing in this case. Though plaintiff attempts to dress his claims in *Varity* clothing, it is undisputed that any representations by Dana could not have affected his eligibility for long-term disability benefits. Plaintiff's employment with Dana ended when Dana sold the portion of its business in which plaintiff worked. It is undisputed that this sale terminated plaintiff's eligibility under the Dana, and that at the time of the sale, plaintiff was not yet eligible for LTD benefits. Def's Motion, ¶ 3, Ex. 3.

5

As a result, Hancock is ineligible for benefits under Dana's plan for reasons independent from any statements he alleges were made to him.

## CONCLUSION

The plaintiff lacks standing to sue under ERISA Section 502(a)(1)(B) and 502(a)(3), and does not seek "appropriate equitable relief" within the meaning of Section 502(a)(3).

**DATED: August 31, 2005**                    By /s Noah Lipschultz

Leslie M. Allen (ALL050)  
BALCH & BINGHAM LLP  
Post Office Box 306  
Birmingham, AL 35201-0306  
(205) 251-8100  
(205) 226-8798 (fax)  

Ian H. Morrison (Illinois #6231153)  
Noah G. Lipschultz (Illinois #6275376)  
SEYFARTH SHAW LLP  
55 East Monroe St., Suite 4200  
Chicago, Illinois 60603  
(312) 346-8000  
(312) 269-8869 (fax)  

*Appearing Pro Hac Vice*

## CERTIFICATE OF SERVICE

The undersigned caused a true and correct copy of *Defendants' Supplemental Brief Regarding Hamilton v. Allen-Bradley* to be filed electronically using the electronically filed using the CM/ECF system and served upon the following counsel of record on this 31st day of August, 2005 by placing the same in the U.S. Mail:

>Kenneth Shinbaum, Esq.
>McPhillips Shinbaum, L.L.P.
>Post Office Box 64
>Montgomery, AL 36101-0064

_____
/s Noah Lipschultz

CH1 10944782.2