IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD HANCOCK, | ) | (WO) |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.  2:05cv550-A |
| vs. | ) | |
| | ) | |
| DANA CORPORATION AND DANA | ) | |
| WELFARE PLANS COMMITTEE, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

This cause is before the court on a Motion to Dismiss filed by the Dana Corporation and

the Dana Corporation Welfare Plans Committee (Doc. #8) pursuant to Federal Rule of Civil

Procedure 12(b)(1) and 12(b)(6).

Plaintiff, Ronald Hancock, filed a Complaint in this case on June 9, 2005, seeking a

declaratory judgment of his rights under a healthcare benefit plan and equitable relief for breach

of fiduciary duties, pursuant to the Employee Retirement Income Security Act of 1974

("ERISA").

For reasons to be discussed, the Motion to Dismiss is due to be DENIED.

### II.  MOTION TO DISMISS STANDARDS

A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if it

is clear that no relief could be granted under any set of facts that could be proven consistent with

the allegations in the complaint. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see

also Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not  . . .  [dismiss]

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted).  The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. Hishon, 467 U.S. at 73.  Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985).

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack."  A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction.  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings.  Lawrence, 919 F.2d at 1529.  Under a factual attack, the court may hear conflicting evidence and decide the factual issues that determine jurisdiction.  Colonial Pipeline Co. v. Collins, 921 F.2d 1237, 1243 (11th Cir. 1991).  The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction.  Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

### III.  FACTS

The relevant allegations of the Plaintiff's Complaint are as follows:

The Plaintiff, Ronald Hancock ("Hancock"), was an employee of the Dana Corporation and was covered under a short term and long term disability policy or plan. He became totally disabled while employed with Dana and has not returned to work.

Hancock alleges that the Dana Corporation sold a portion of its business to Standard Motor Products.  He also alleges that when he became disabled, and after he had applied for

2

disability benefits, he was told that he would lose his entitlement to employment benefits if he did not sign forms for employment with Standard Motor Products.  He also alleges that the Dana Corporation has denied his claim for benefits on the basis that he is no longer an employee of the Dana Corporation.   He seeks a declaratory judgment, an award of benefits due, and equitable relief and remedies to which he may be entitled for breach of fiduciary duties.

## IV.  DISCUSSION

The Dana Corporation and the Dana Corporation Welfare Plans Committee (collectively "Dana") have moved to dismiss the Complaint for lack of standing.  Dana states that the Engine Management Group of the Dana Corporation was sold to Standard Motor Products pursuant to an asset purchase agreement, under the terms of which Hancock became an employee of Standard Motor Products.  Dana states that although Hancock has alleged that he was a participant in the plan, he no longer is and, therefore, lacks standing.

As Dana has pointed out, under ERISA, a person may be considered a participant of a benefits plan, even if that person is not a current employee, because the employee has a reasonable expectation of returning to covered employment or has a colorable claim to vested benefits. See Firestone Tire & Rubber v. Bruch, 489 U.S. 101, 117 (1989); see also Willett v. Blue Cross and Blue Shield of Alabama, 953 F.2d 1335 (11th Cir. 1992) (a person not yet covered under a plan is a participant if, had the plan not lapsed, the person would have been covered).   Hancock does not fall within that definition of participant, however.  He was an employee who was covered under the plan, but then he was employed by a different company with a different plan.

Hancock responds to Dana's standing argument that his employer breached a fiduciary

duty to him, and at the time the fiduciary duty was breached, he was an employee, so that he has

standing to seek equitable relief in this case.

Section 502(a)(3) of ERISA allows a civil action by a "participant, beneficiary, or

fiduciary" to obtain other appropriate equitable relief (i) to redress such violations or (ii) to

enforce any provisions of this subchapter or the terms of the plan. 29 U.S.C. § 1132 (a) (3).

Hancock relies on Varity Corp. v. Howe, 516 U.S. 489 (1996) to support his argument

that he has standing to bring a claim under 502(a)(3).  In that case, the Supreme Court concluded

that employees who were induced to leave their employment and, as a result, lost health benefits,

could pursue an equitable relief claim for breach of fiduciary duty.  In applying Varity, the

Eleventh Circuit has stated that former employees alleging breach of fiduciary duty have

standing to bring a claim for equitable relief.  Hamilton v. Allen-Bradley, Co., Inc., 244 F.3d 819

(11th Cir. 2001).  Specifically, the court explained that

> if a violation has no appropriate remedy provided by ERISA, then the catch-all
> provision acts as a safety net by offering appropriate equitable relief.  See Varity,
> 516 U.S. at 512, 116 S.Ct. 1065.  It is irrelevant under what heading Hamilton
> pled, because if the remedy she seeks is outside ERISA, as it is in this instance
> (because a private cause of action is not contemplated within the four corners of
> the statute), then the catch-all provision automatically applies.  Thus, Hamilton
> has standing to bring a cause of action against Allen.
>
> Id. at 826.

This court asked the parties in this case to file supplemental briefs discussing the

application of Hamilton to the claims asserted by Hancock.  Dana argues that Hamilton does not

apply for several reasons.  First, Dana states that the issue of standing was not before the

Hamilton court, that only the availability of the remedy was discussed.  In stating, however, that

the plaintiff could proceed under the theory recognized in Varity, the Eleventh Circuit stated that

the plaintiff had standing to assert such a claim. Id. Therefore, although Varity itself did not say that the persons who were former employees and who were seeking equitable relief for breach of fiduciary duty had standing, the Eleventh Circuit concluded that a person proceeding under the theory recognized in Varity has standing. This court is bound by the decisions of the Eleventh Circuit, and, therefore, concludes that Hancock has standing to bring a claim for equitable relief for breach of fiduciary duty even though he is no longer an employee of Dana.

Dana also argues that Hamilton is factually distinguishable, and that Hamilton is incorrect because it conflicts with the Supreme Court's definition of equitable relief in Great West Life & Annuity Inc. Soc. v. Knudson, 534 U.S. 204 (2004). Dana also argues that Hancock's claim for equitable relief should properly be characterized as seeking money damages.

While a claim for payment of benefits is asserted in the Complaint, as to which Hancock apparently concedes he lacks standing, Hancock has also sought equitable relief for breach of fiduciary duty. As stated above, a former employee can have standing to bring a claim for equitable relief for breach of fiduciary duty under Eleventh Circuit law. Whether Hancock has adequately stated such a claim is a different issue not currently before the court because the basis for the Motion to Dismiss in this case is that Hancock lacks standing. In addition, the argument in the supplemental brief that Hamilton is distinguishable because representations by Dana could not have affected Hancock's eligibility for benefits is an argument which goes not to standing, but to the merits of Hancock's claims.

Although the Motion to Dismiss refers to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Dana's original brief articulated objections only to Hancock's standing. It was not

until Dana's reply and supplemental brief that arguments that the relief requested is not properly characterized as equitable relief or that Hancock has not adequately stated a claim for equitable relief have been raised, and Hancock has not been asked to respond to them.  For these reasons, the court finds that those arguments raised by Dana are not properly before it in resolving the pending Motion to Dismiss.  Dana may raise those arguments in a separate motion, should Dana choose to do so.

## V.  CONCLUSION

For the reasons discussed above, it is hereby ORDERED as follows:

1.  The Motion to Dismiss (Doc. #8) for lack of standing is GRANTED as to Hancock's claim for benefits but is DENIED as to his claim for equitable relief for breach of fiduciary duty.

2.  The Defendants Dana Corporation and Dana Welfare Plans Committee have until September 19, 2005, to file whatever further response to the Complaint they may deem appropriate.

3.  The Defendants Dana Corporation and Dana Welfare Plans Committee have until September 19, 2005, to file a response to the Plaintiff's Motion to Amend.  The Plaintiff has until September 26, 2005, to file a reply in support of the Motion to Amend.  The motion will be taken under submission on that date without oral argument.

Done this 7th day of September, 2005.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE