IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Ronald Hancock ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 2:05-CV-550-M |
| Dana Corporation and Dana Corporation ) | |
| Welfare Plans Committee ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Defendants, the Dana Corporation and the Dana Corporation Welfare Plans Committee, pursuant to this Court's September 7, 2005 order, and Fed. R. Civ. P. 12(b)(6), move to dismiss plaintiff's Complaint. In support of this motion, defendants state the following[1]:

1.      Plaintiff filed his one-count complaint on June 9, 2005, labeled a "Complaint For Declaratory Judgment and To Declare The Rights Of The Party." Plaintiff's complaint alleges that he "was an employee of the Dana Corporation" and "was covered" or "was a participant or beneficiary" in employee benefit plans (principally a long-term disability plan and a medical plan) sponsored by Dana, which are regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"). Compl. ¶¶ 4, 6, 8; Ex. 1.[2]

---

[1] Defendants set forth their legal arguments more fully in their Brief in Support of Their Supplemental Motion To Dismiss And In Opposition To Plaintiff's Motion To Amend His Complaint, filed simultaneously with this motion. Defendants request that the arguments therein be incorporated and considered by this Court as its memorandum in support of this Motion.

[2] All exhibit references refer to those exhibits attached to Dana's initial motion to dismiss, filed on July 19, 2005. The court may properly consider these documents in the context of ruling on this motion to dismiss. The claim and denial is referenced in the initial and Amended Complaint

2.      Plaintiff alleges that defendant Dana Corporation Welfare Plans Committee reviews decisions regarding claims for benefits under the plans. Compl. ¶ 7.

3.      Plaintiff further alleges that he became disabled on May 28, 2003 and he "was never able, and has never been able to return to work for Dana Corporation or a company named Standard Motor Products to whom Dana sold a portion of its business." Compl. ¶ 10. Plaintiff alleges that Dana told him "after he had already applied for disability benefits, that if he did not sign the forms for Standard Motor Products, that plaintiff would lose his entitlement to all employee benefits, and that the benefits from Standard Motor Products were as good or better than Dana Corporation's." Am. Compl. ¶ 11.

4.      In fact, as plaintiff alleges, Dana sold its Engine Management Group, in which plaintiff worked, to Standard Motor Products pursuant to an Asset Purchase Agreement ("Agreement"). Def. Motion ¶ 3, Exhibit 3. Under the terms of the Agreement, plaintiff became an employee of Standard Motor Products upon the closing of the asset sale, which occurred on June 30, 2003. Exhibit 3, p. 47, Exhibit 2. Further, the Agreement specifically provided that plaintiff's coverage under the Dana employee benefit plans ceased as of that date, and that plaintiff became covered under Standard Motor Products' plans effective July 1, 2003. Exhibit 3 at 47.

5.      It was not until after he became an employee of Standard Motor Products that plaintiff filed a claim for <u>long-term</u> disability benefits under Dana plan. The Dana Welfare Plans Committee denied plaintiff's claim and subsequent appeal in part because he was no longer an

---

(*See* Compl. ¶¶ 12-14, Am. Compl. ¶¶ 11, 14-16), as is the asset sale (*See* Compl. ¶ 10, Am. Compl. ¶ 11) and the documents are central to Plaintiff's Complaint. *See Brooks v. BlueCross & BlueShield*, 116 F.3d 1364, 1369 (11th Cir. 1997) <u>citing</u> *Venture Assocs. Corp. v. Zenith Data Systems*, 987 F.2d 429 (7th Cir. 1993).

2

employee of the Dana Corporation, and thus was not covered under the Dana Plans when he submitted his claims for long-term disability benefits.  Compl. ¶ 14; Exhibit 2.

6. Paragraphs 11-16 of plaintiff's complaint make it clear that he is challenging the denial of long-term disability benefits, alleging, among other things, that he "is entitled to long term disability benefits" and that "defendants are [wrongfully] denying the Plaintiff's health care and medical benefits" and that he "is entitled to rights and benefits under the terms of the employee benefit plan."  Compl. ¶¶ 11-16.

7. In view of these allegations, and the fact that plaintiff did not specify the basis for his complaint (other than citing ERISA), defendant construed plaintiff's claim as arising under ERISA Section 502(a)(1)(B) and moved to dismiss on the ground that the plaintiff lacked standing to sue under that provision.

8. Plaintiff responded to defendants' motion by essentially conceding he had no standing under Section 502(a)(1)(B) but arguing that he had standing under ERISA Section 502(a)(3) and was seeking "appropriate equitable relief" under that provision.  Plaintiff asserted that he was making a claim for breach of fiduciary duty premised on *Varity Corp v. Howe*, 516 U.S. 489 (1996).

9. Plaintiff cannot proceed on his ERISA Section 502(a)(3) claim because, in seeking what is in essence a claim for "money due and owing under a contract" he did not seek "appropriate equitable relief" within the meaning of that provision.  *See, e.g., Great West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002); *see also Crosby v. Bowater Inc. Ret. Plan for Salaried Employees of Great N. Paper, Inc.*, 382 F.3d 587, 594 (6th Cir. 2004) (recovery of benefits not considered "equitable relief" under 502(a)(3), even where relief is sought through equitable means); *BlueCross Blue Shield v. Carillo*, 372 F. Supp. 2d 628 (N.D. Ga. 2005)

(plaintiff's suit to enforce ERISA plan's reimbursement provision, regardless of how characterized, is not authorized by ERISA Section 502(a)(3)); *Hampl v. Franklin Int'l, Inc.*, Case No. 04-847 (S.D. Ohio Aug 11, 2005) (plaintiff's claim under Section 502(a)(3) dismissed because award of benefits under ERISA plan was not "appropriate equitable relief"). This is true even though this Court has already ruled that plaintiff lacks standing to sue under ERISA Section 502(a)(1)(B). *Coyne & Delany Co. v. Blue Cross & Blue Shield of Virginia*, 102 F.3d 712 (4th Cir. 1996) (the fact that plaintiff lacks standing under ERISA Section 502(a)(1)(B), does not alter the fact that claiming benefits pursuant to ERISA Section 502(a)(3) is inappropriate and not authorized by the statute).

10.   Moreover, even if the Court were to construe plaintiff's prayer for relief as seeking "appropriate equitable relief" within the meaning of ERISA Section 502(a)(3), plaintiff's proposed amended complaint fails to state a claim for breach of fiduciary duty because plaintiff does not and cannot allege that any loss of benefits was caused by his detrimental reliance on any misrepresentation. Based upon the facts alleged in the complaint and established by the documents referenced therein, plaintiff's loss of benefits was caused by the sale of Dana's Engine Management Group to Standard Motor Products, not by any statement of Dana's. *See* Def.'s Motion, ¶ 3, Ex. 3. Moreover, when his employment at Dana ended, he had not yet qualified for the long-term disability benefits he seeks because he had not reached the end of the "elimination period" under Dana's long-term disability plan. Compl. ¶ 14, Def.'s Motion, Ex. 2.

11.   These allegations cannot support a claim for breach of fiduciary duty, even under *Varity,* because it was the asset sale, as opposed to any representations by Dana, that caused plaintiff to be ineligible for benefits under the Dana plan. *Kamler v. H/N Telecommunication Services, Inc.*, 305 F.3d 672, 682 (7th Cir. 2002) (breach of fiduciary duty claim based on

misrepresentations failed where plaintiff could not show that misrepresentations caused loss of benefits); *Hein v. FDIC*, 88 F.3d 210, 223-224 (3d. Cir. 1996) (where plaintiff "was not entitled to benefits in the first place, there is no causal link between the alleged breach of fiduciary duty by [defendants] and the denial of benefits to [plaintiff]"); *Tardif v. General Electric Co.*, 2000 U.S. Dist. LEXIS 21372 (D. Conn. 2000) (court rejects breach of fiduciary duty claim, noting that "even in the absence of the alleged misrepresentation, [plaintiff] would not have received the benefits" and further that "Despite the fact that neither Section 404(a)(1) nor Section 502(a)(3) contains express language of causation, a plaintiff seeking to enforce the former via the latter must demonstrate that the alleged breach caused the damages")

WHEREFORE, for the reasons set forth above, and those stated in defendants' Brief in Support of Supplemental Motion to Dismiss and in Response to Plaintiff's Motion to Amend His Complaint, filed herewith, defendants respectfully request that this Court dismiss plaintiff's complaint with prejudice and deny plaintiff's motion to amend his complaint.

**DATED: September 19, 2005**          By _____
                                              /s Noah Lipschultz

Leslie M. Allen (ALL050)                Ian H. Morrison (Illinois #6231153)
BALCH & BINGHAM LLP                     Noah G. Lipschultz (Illinois #6275376)
Post Office Box 306                     SEYFARTH SHAW LLP
Birmingham, AL 35201-0306               55 East Monroe St., Suite 4200
(205) 251-8100                          Chicago, Illinois 60603
(205) 226-8798 (fax)                    (312) 346-8000
                                        (312) 269-8869 (fax)

                                        *Appearing Pro Hac Vice*

5

**CERTIFICATE OF SERVICE**

  On September 19, 2005 the undersigned caused a true and correct copy of *Defendants' Supplemental Motion to Dismiss* to be filed electronically using the CM/ECF system, which will send notification of this filing to the following counsel of record:

  Kenneth Shinbaum, Esq.
  McPhillips Shinbaum, L.L.P.
  Post Office Box 64
  Montgomery, AL 36101-0064


          _____
          /s Noah Lipschultz

CH1 10954848.3