IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Ronald Hancock )<br>)<br>　　Plaintiff, )<br>)<br>v. )<br>)<br>Dana Corporation and Dana Corporation )<br>Welfare Plans Committee )<br>)<br>　　Defendants. )<br>) | Civil Action No. 2:05-CV-550-M |

**DEFENDANTS' BRIEF IN SUPPORT OF ITS SUPPLEMENTAL
MOTION TO DISMISS AND IN OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT**

Defendants, the Dana Corporation and the Dana Corporation Welfare Plans Committee, pursuant to this Court's September 7, 2005 order, submit this brief in support of their supplemental motion to dismiss and in opposition to plaintiff Ronald Hancock's motion to amend his complaint.

## INTRODUCTION

Plaintiff Ronald Hancock is a former employee of defendant the Dana Corporation, who filed this action seeking to recover long-term disability benefits and medical benefits under a welfare plan covered by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), which Dana maintained. Both Hancock's initial and proposed amended complaint allege that his employment with Dana ended after Dana sold a portion of its business to Standard Motor Products. As is shown by plan and administrative documents referred to in the complaints, under the terms of the Asset Purchase Agreement ("Agreement") between the Dana and Standard Motor Products, Hancock and other Dana employees became employees of

Standard Motor Products upon the closing date of the sale, June 30, 2003. Compl. ¶ 10, Def.'s Motion, Ex. 2, Ex. 3 at p. 47. Additionally, Standard Motor Products assumed all benefits obligations as of July 1, 2003, for Dana employees, such as plaintiff, who were considered "transferred employees" under the agreement. Def.'s Motion, Ex. 3 at 47.

At the time of the sale to Standard Motor Products, Hancock was receiving benefits under Dana's short-term disability program. Def.'s Motion Ex. 2. After his employment with Dana ended, Hancock filed a claim for long-term disability benefits under the Dana Long-Term Disability Plan, and his claim (and subsequent appeal) were denied. Compl. ¶ 14, Def.'s Motion Ex. 2. The claim and appeal were denied because Hancock was no longer an employee of Dana when he filed the claim. Therefore, his eligibility under the Dana Long-Term Disability Plan ended on July 1, 2003, when he became an employee of Standard Motor Products pursuant to the Agreement. Compl. ¶ 14, Def's Ex. 2. In addition, Hancock could not have applied for long-term disability benefits before his employment at Dana ended because he had not completed the elimination period under the long-term disability plan. Id. Plaintiff alleges, however, that before he applied for long-term disability benefits, Dana representatives told him that, "if he did not sign forms for Standard Motor Products, he would lose his entitlement to all his employment benefits and that the benefits from Standard Motor Products were as good or better than those at Dana Corporation." Compl. ¶ 10; Am. Compl. ¶ 11.

Hancock's initial and proposed amended complaint challenge the denial of long-term disability benefits under ERISA. Compl. ¶¶ 4, 12-14. Specifically, plaintiff's amended complaint alleges "plaintiff is entitled to rights and benefits under the terms of the employee benefit plan" and that "defendants have denied the plaintiff the rights and benefits that plaintiff

2

claimed and was entitled to receive under the terms of the employee benefit plan [sic]." Am. Complt. Count I, ¶¶ 17-18.

Defendants moved to dismiss the initial complaint on July 19, 2005 arguing that plaintiff lacked standing to sue under ERISA.[1] Because Hancock alleges that he is a <u>former</u> employee of Dana and a <u>former</u> participant in the long-term disability benefit plan under which he seeks benefits, controlling Eleventh Circuit precedent holds that he is neither a "participant" nor "beneficiary" of Dana's employee benefit plans as those terms are defined in ERISA.

Plaintiff responded to defendants' motion and simultaneously moved to amend his complaint to allege state law claims for breach of contract, fraud, equitable estoppel, and a declaration of plaintiff's rights under the ERISA plan at issue. Plaintiff's response rests on two assertions: (1) if plaintiff lacks standing to sue under ERISA – then he is permitted to bring state law claims relating to his alleged wrongful denial of benefits; and (2) plaintiff can properly bring a claim under ERISA Section 502(a)(3) or 404(a)(1). Both assertions are wrong, and this Court should deny plaintiff's motion to amend his complaint.

## ARGUMENT

The Court must take as true the well-pleaded allegations of the complaint, but must still dismiss the complaint if plaintiff has not alleged any set of facts upon which relief can be granted. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must dismiss the complaint under Rule 12(b)(6) if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).

---

[1] On September 7, 2005 the Court granted defendants' motion to dismiss based on lack of standing, insofar as it applied to plaintiff's claim for benefits, but denied it as to plaintiff's claim for equitable relief for breach of fiduciary duty.

3

This Court has discretion to deny plaintiff's motion to amend his complaint on the grounds that amendment would be futile. *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000); *Swanson v. Pitt*, 330 F. Supp. 2d 1269, 1283 (M.D. Al. 2004). In other words, where plaintiff's proposed amended complaint fails to state a claim upon which relief may be granted, amendment would be futile, and the Court may properly deny leave to amend. *Swanson*, *Id. See also, Olens v. U.S. Healthcare of Georgia, Inc.*, 1998 U.S. Dist. LEXIS 21658, Case No. 98-C-2014, (N.D. Ga. 1998) (court denied motion to amend complaint where proposed count was preempted by ERISA). For the reasons discussed below, this Court should dismiss plaintiff's initial complaint and deny plaintiff's motion to file an amended complaint because neither the initial or amended complaint states a claim upon which relief may be granted.

I.  **PLAINTIFF FAILS TO STATE AN ERISA CLAIM IN EITHER THE INITIAL OR PROPOSED AMENDED COMPLAINT BECAUSE HE DOES NOT SEEK "APPROPRIATE EQUITABLE RELIEF" UNDER ERISA.[2]**

Neither plaintiff's initial complaint nor his proposed amended complaint cite the specific provision of ERISA under which plaintiff purports to proceed, and the initial complaint contains a single count claiming a denial of ERISA benefits. Defendants moved to dismiss on the assumption that plaintiff was attempting to state a claim under ERISA Section 502(a)(1)(B). This was based on the fact that plaintiff's complaint, at bottom, sought benefits under an ERISA plan. Plaintiff's response to the motion to dismiss re-characterized his claim as one arising under ERISA Section 502(a)(3). On September 7, 2005, this Court ruled that plaintiff lacked standing

---

[2] Dana previously raised these arguments in its reply to plaintiff's response to the motion to dismiss, once plaintiff clarified the nature of his complaint. This Court refused to consider these arguments in the context of Dana's original motion to dismiss, on the ground that Dana did not raise them in that motion. The Court may consider these arguments in the context of defendants' supplemental motion to dismiss or in the context of plaintiff's motion to amend.

under ERISA Section 502(a)(1)(B), but did have standing to assert a claim under ERISA Section 502(a)(3). At that time, the Court did not address whether plaintiff had stated an ERISA Section 502(a)(3) claim upon which relief could be granted.

Even if plaintiff has standing to bring a claim under ERISA Section 502(a)(3), the relief he seeks is not authorized by that section of ERISA and the Court should deny plaintiff's effort either in the initial complaint or proposed amended complaint to assert a claim under that provision of the statute. In his response brief, plaintiff cited *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993), and argued that the Supreme Court has interpreted Section 502(a)(3)'s reference to "equitable relief" as referring to categories of relief typically available in equity, such as injunction, mandamus, and restitution.

In *Great West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), however, the Supreme Court further refined its interpretation of this provision, and found that "a claim for money due and owing under a contract is 'quintessentially an action at law'" and thus not appropriately considered "equitable relief" under Section 502(a)(3). 534 U.S. at 210 (citations omitted). The plaintiff in *Knudson* sought to "impose personal liability on respondents for a contractual obligation to pay money" by enforcing the reimbursement provisions of an ERISA plan. *Id.* The plaintiff in *Knudson* attempted to characterize its claim as one for "restitution" – typically associated with claims in equity. The Court found, however, that plaintiff's claim was more properly characterized as an action for restitution in law, and not in equity, because it involved the imposition of personal liability on defendant, not the imposition of a constructive trust or equitable lien on a particular piece of property. 534 U.S. at 214-215.

Under *Knudson*, plaintiff's claim for payment of long-term disability or medical benefits simply cannot be characterized as seeking "equitable relief" within the meaning of ERISA

5

Section 502(a)(3). The plaintiff seeks to enforce provisions of an ERISA plan, which would require the payment of money to plaintiff. Such a claim for money damages is not a claim for equitable remedies under ERISA. *Calhoun v. Trans World Airlines*, 400 F.3d 593 (8th Cir. 2005) (court affirmed dismissal of ERISA Section 502(a)(3) claim which sought benefits under an ERISA plan); *Crosby v. Bowater Inc. Ret. Plan for Salaried Employees of Great N. Paper, Inc.*, 382 F.3d 587, 594 (6th Cir. 2004) (recovery of benefits not considered "equitable relief" under 502(a)(3), even where relief is sought through equitable means); *BlueCross Blue Shield v. Carillo*, 372 F. Supp. 2d 628 (N.D. Ga. 2005) (plaintiff's suit to enforce ERISA plan's reimbursement provision, regardless of how characterized, is not authorized by ERISA Section 502(a)(3)). Plaintiff's claim for a monetary award of benefits is not authorized by ERISA Section 502(a)(3); therefore, the Court should dismiss any remaining claim in the initial complaint and should not allow plaintiff to amend his complaint to assert such a claim for relief.

II.  **PLAINTIFF CANNOT STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY UNDER ERISA, REGARDLESS OF WHETHER HE SEEKS "APPROPRIATE EQUITABLE RELIEF" UNDER THE STATUTE.**

Plaintiff's response to the motion to amend attempts to re-characterize his claim as one for breach of fiduciary duty, based on *Varity Corp. v. Howe*, 516 U.S. 489 (1996), but *Varity* is factually distinguishable, and plaintiff's allegations do not state a claim for breach of fiduciary duty. In *Varity*, the fiduciaries engaged in certain misrepresentations in order to encourage employees to leave one company to join another company, which the fiduciaries allegedly knew would fail. By electing to leave employment in response to the fiduciaries' representations, the plaintiffs gave up their rights as participants in their former employer's benefit plans. 516 U.S. at 493-94. In essence, in *Varity*, but for defendants' misrepresentations, plaintiffs would have remained employees of their original employers and participants in that company's benefit plans. Thus, essential elements of the plaintiffs' claim in *Varity* were their detrimental reliance upon the

6

defendants' misrepresentations and loss caused by those misrepresentations, and cases since *Varity* have reaffirmed these predicates to stating a cause of action for a breach of fiduciary duty in such circumstances. *Hein v. FDIC*, 88 F.3d 210, 223-224 (3d. Cir. 1996) (where plaintiff "was not entitled to benefits in the first place, there is no causal link between the alleged breach of fiduciary duty by [defendants] and the denial of benefits to [plaintiff]"); *Tardif v. General Electric Co.*, 2000 U.S. Dist. LEXIS 21372 (D. Conn. 2000) ("Despite the fact that neither Section 404(a)(1) nor Section 502(a)(3) contains express language of causation, a plaintiff seeking to enforce the former via the latter must demonstrate that the alleged breach caused the damages")

In this case, there can be no allegations of detrimental reliance or causation. Plaintiff alleges that Dana sold the portion of the business in which he worked to a third party, thus terminating his employment at Dana and eligibility under the Dana plan regardless of what plaintiff alleges he was told. *See* Def.'s Motion, ¶ 3, Ex. 3. Moreover, when his employment at Dana ended, he had not yet qualified for the long-term disability benefits he seeks because he had not reached the end of the "elimination period" under Dana's long-term disability plan. Compl. ¶ 14, Def.'s Motion, Ex. 2. Plaintiff alleges that Dana representatives told him that, "if he did not sign forms for Standard Motor Products, he would lose his entitlement to all his employment benefits and that the benefits from Standard Motor Products were as good or better than those at Dana Corporation." Compl. ¶ 10. This allegation does not justify a breach of fiduciary claim because it does not show that plaintiff was tricked into leaving Dana's employment and forfeiting any benefits as a result of a misrepresentations. To the contrary, plaintiff's employment at Dana ended as a result of the sale to Standard Motor Products. Unlike the plaintiffs in *Varity*, he does not allege that he was induced to resign from Dana due to any

7

misrepresentation by a plan fiduciary. Nor is there any allegation that the sale to Standard Motor Products was motivated by a desire to avoid paying plaintiff disability benefits. As a result, Hancock is ineligible for benefits under Dana's plan for reasons independent from any statements he alleges were made to him, and thus cannot state a claim based on any alleged "misrepresentations."

### III. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED UNDER 29 U.S.C § 1144 EVEN THOUGH PLAINTIFF LACKS STANDING UNDER ERISA SECTION 502(A)(1)(B) AND SEEKS RELIEF NOT AUTHORIZED BY ERISA SECTION 502(A)(3).

#### A. The Cases Plaintiff Cites Involve "Complete Preemption" In The Context Of Removal Jurisdiction And Do Not Discuss "Conflict Preemption."

Relying on *Hobbs v. Blue Cross & Blue Shield*, 276 F.3d 1236, 1240 (11th Cir. 2001) and *Curtis v. Nevada Bonding Corp.*, 53 F.3d 1023 (9th Cir. 1995), plaintiff argues that his proposed state law claims are not preempted by ERISA if plaintiff lacks standing to sue under the statute. Plaintiff's argument ignores the difference between "complete preemption" under ERISA Section 502 and "conflict preemption" under ERISA Section 514.

Both *Hobbs* and *Curtis* dealt solely with the doctrine of "complete preemption," in deciding whether removal jurisdiction was appropriate when plaintiff had brought state-law claims alleging entitlement to benefits under ERISA plans. "Complete preemption" under ERISA Section 502 provides a basis for federal jurisdiction over state law claims which can be re-characterized as "arising under" ERISA's civil enforcement provisions. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987); *Kemp v. IBM*, 109 F.3d 708, 712 (11th Cir. 1997); *Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146, 1155 (10th Cir. 2004). Plaintiff is correct that there is no "complete preemption" under ERISA Section 502 when a plaintiff lacks standing to

8

sue under ERISA's civil enforcement mechanism. *Hobbs*, 276 F.3d at 1240.[3] But it does not follow that there is no other ERISA preemption. Because they all relate to an ERISA plan, plaintiff's state law claims are preempted under the doctrine of "conflict preemption."

"Conflict preemption" under ERISA stems solely from Section 514 of the statute, which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has held that a state law "relates to" an ERISA plan, and is thus preempted "if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 97 (1983). The distinction between "conflict preemption" and "complete preemption" becomes critical in cases, such as *Hobbs* and *Curtis*, where a defendant asserts preemption as a basis for federal removal jurisdiction. "Complete preemption," as noted, provides such jurisdiction, and "conflict preemption" does not. *Taylor*, 481 U.S. at 64; *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 25-27 (1983). Here, however, plaintiff filed suit in federal court and has alleged both federal question and diversity jurisdiction.

### B. Under *Sanson v. General Motors* And Related Precedent, Plaintiff's Proposed State Law Claims Are Preempted Under ERISA Section 514.

Plaintiff's proposed amended complaint reiterates his allegations that he "was a beneficiary and participant" in ERISA-governed welfare benefit plans sponsored by the Dana Corporation. Am. Complt. ¶ 4. Plaintiff's first amended count essentially re-asserts his previous claim for benefits under ERISA Section 502(a)(1)(B), but with additional allegations of alleged

---

[3] It is important to note that the holding in *Hobbs*, as evidenced by plaintiff's citation, only applies to "complete preemption." It is true that the Ninth Circuit in *Curtis* stated that "without standing to enforce ERISA, there can be no ERISA preemption." 53 F.3d at 1027. This statement is not only *dicta* from another circuit, it is an incorrect statement of the law, and it conflicts with the Eleventh Circuit's ruling in *Sanson v. General Motors Corporation*, 966 F.2d 618 (11th Cir. 1992).

misrepresentations by Dana. Plaintiff's second amended count alleges that Dana "breached its contract with Ronald Hancock to provide him with long-term disability benefits." Am. Complt. ¶ 21. Plaintiff's counts III-V all allege fraud and estoppel based on alleged statements by Dana employees in relation to plaintiff's claims for disability benefits under the Dana Plan.

There can be no doubt that every state law claim in plaintiff's proposed amended complaint "relates to" to an ERISA plan and is thus preempted. *Sanson v. General Motors Corporation*, 966 F.2d 618 (11th Cir. 1992), is directly on point. The plaintiff in *Sanson* sued under Georgia's fraudulent misrepresentation law, alleging that his employer fraudulently induced him to retire by representing that benefits under an ERISA-covered special retirement program would not later become available. After plaintiff retired, the employer offered the special retirement benefits, and refused plaintiff's post-retirement request for the benefits.

In *Sanson*, the court granted summary judgment in favor of defendant, finding that plaintiff's fraudulent misrepresentation claim "related to" an ERISA plan, and was preempted under ERISA Section 514. 966 F.2d at 619, 621. The court found it critical that plaintiff's claims were, (1) dependent upon the existence of an ERISA plan and (2) that the measure of damages would be the amount of benefits plaintiff would have received under the plan. 966 F.2d at 621. Both factors are present in this case.

The Eleventh Circuit also rejected plaintiff's attempt to amend his complaint to add a claim under ERISA, finding that plaintiff lacked standing to sue under ERISA Section 502 because he was a former employee who was neither a "participant" nor a "beneficiary" under ERISA. 966 F.2d at 621-622.

Hancock is in the same situation: he cannot state a claim under ERISA Section 502(a)(1)(B) because he lacks standing, he cannot state a claim under ERISA Section 502(a)(3)

because he seeks relief not authorized by that provision of the statue, and his proposed state law claims are preempted under Section 514 of ERISA. The court in *Sanson* acknowledged that this might leave the plaintiff with no remedy, but rejected plaintiff's invitation to create a federal common law claim to fill the remedial gap. 966 F.2d at 622.

Other courts facing similar situations have reached the same conclusion as the court in *Sanson*. In *Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146 (10th Cir. 2004), the plaintiffs were former employees who alleged they were deprived of ERISA benefits due to defendants' fraudulent misrepresentations. 387 F.3d at 1152. The Tenth Circuit cited *Sanson* approvingly, finding that plaintiffs lacked standing to sue under ERISA Section 502(a)(1)(B), and suggested that potential state-law fraud claims might be preempted:

> Our opinion leaves open the uncomfortable possibility that Plaintiffs may lack standing to sue under ERISA, but will then be preempted in state court under § 514 from asserting a state claim, leaving them with no remedy. Although this is a valid concern, we have not found it to be a concern of the federal judiciary

387 F.3d at 1162; *see also Corcoran v. United Healthcare, Inc.*, 965 F.2d 1321, 1333 (5th Cir. 1992) (acknowledging remedial "gap" where plaintiff had no claim under ERISA and state law claim was preempted); *Coyne & Delany Co. v. Blue Cross & Blue Shield of Virginia*, 102 F.3d 712 (4th Cir. 1996) (the fact that plaintiff lacks standing under ERISA Section 502(a)(1)(B), does not alter the fact that claiming benefits pursuant to ERISA Section 502(a)(3) is inappropriate and not authorized by the statute); *Calhoun*, 400 F.3d at 598 (8th Cir. 2005) (court properly dismissed claim under Section 502(a)(3) even though plaintiff not able to bring a claim under Section 502(a)(1)(B)). The fact that plaintiff cannot state a claim for relief under ERISA does not alter the fact that his proposed state law claims are preempted.

11

## CONCLUSION

The Court should dismiss the initial complaint and deny plaintiff's motion to amend his complaint.

**DATED: September 19, 2005**               By _____
                                                  /s Noah Lipschultz

| | |
|---|---|
| Leslie M. Allen (ALL050) | Ian H. Morrison (Illinois #6231153) |
| BALCH & BINGHAM LLP | Noah G. Lipschultz (Illinois #6275376) |
| Post Office Box 306 | SEYFARTH SHAW LLP |
| Birmingham, AL 35201-0306 | 55 East Monroe St., Suite 4200 |
| (205) 251-8100 | Chicago, Illinois 60603 |
| (205) 226-8798 (fax) | (312) 346-8000 |
| | (312) 269-8869 (fax) |
| | Appearing Pro Hac Vice |

**CERTIFICATE OF SERVICE**

    The undersigned caused a true and correct copy of *Defendants' Brief In Support of Its Supplemental Motion To Dismiss and In Opposition To Plaintiff's Motion to Amend* to be filed electronically using the CM/ECF system, which will send notification of filing to the following counsel of record:

    Kenneth Shinbaum, Esq.
    McPhillips Shinbaum, L.L.P.
    Post Office Box 64
    Montgomery, AL 36101-0064


_____
/s Noah Lipschultz