**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **RONALD HANCOCK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05cv550-A |
| ) | |
| **DANA CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANTS'
SUPPLEMENTAL MOTION TO DISMISS AND
IN SUPPORT OF ITS MOTION TO AMEND**

**INTRODUCTION**

The Plaintiff, Ronald Hancock, was employed with the Defendant, Dana Corporation, when he became permanently totally disabled. Since he became totally disabled Mr. Hancock has never returned to active work because of his disability. Mr. Hancock never actively worked for Standard Motor Products. After Mr. Hancock already had applied for disability benefits with Dana Corporation, the Defendant, Dana Corporation, through its agents and employees, told Mr. Hancock, that if he did not sign the forms for Standard Motor Products, Mr. Hancock, would lose entitlement to all his employee benefits, and that the benefits from Standard Motor Products were as good as or better than Dana Corporation's. Although the Defendant, Dana Corporation, was an ERISA fiduciary who was aware of Plaintiff, Ronald Hancock's, status and situation, the Defendant's aforesaid representations were false and Defendants knew that they were going to deny Mr. Hancock's claims for benefits claiming that he was no longer an employee of Dana Corporation but instead an employee of Standard Motor Products.

While he was still employed with Dana when Mr. Hancock asked if he needed to separately apply for long term disability benefits, he was informed that his application for short term disability benefits would be sufficient. The Defendants' fraudulent actions not only caused Mr. Hancock to be denied long term disability benefits but also to be denied health care and medical benefits.

Although the Defendants may argue that even if they had not made fraudulent misrepresentation to Mr. Hancock he still would have no longer been employed by Dana, the Plaintiff, Ronald Hancock, contends that is not necessarily the case because it was Dana's custom not to terminate employees out on disability leave and as allowed pursuant to the Asset Purchase Agreement, Dana did retain some employees who were on disability leave. (See Defendants' Motion to Dismiss, Asset Purchase Agreement, Article 11.5).

## ARGUMENT

**I.    PLAINTIFF DOES SEEK APPROPRIATE EQUITABLE RELIEF**

In Varity Corp. v. Howe, 516 U. S. 489, 515, 134 L.Ed.2d 130, 116 S. Ct. 1065 (1996), the Supreme Court held that reinstatement into the former employer's plan was an appropriate equitable remedy under 29 U. S. C. §1132(a)(3) where an employee was deprived of ERISA benefits through trickery. Peralta v. Hispanic Business, Inc., 419 F.3d 1064 (9th Cir. 2005), 2005 U. S. App., Lexis 17521 *26. Further, where fraud is involved, "the courts will go to great lengths to find a vehicle for reinstatement of benefits via a §1132(a)(3) equitable remedy." Peralta, *id*. at *27.

In the present case it will be for the Court to fashion the equitable remedy.

## II   PLAINTIFF HAS STATED A CLAIM FOR BREACH OF FIDUCIARY DUTY.

The Defendants attempt to argue that the Plaintiff cannot state a breach of fiduciary duty claim because Plaintiff cannot show detrimental reliance. This is a factual issue that should be resolved after discovery. Plaintiff expects that discovery will back up his statement that Dana did not terminate employees who were on disability leave. Had it been Dana's (unwritten) policy to do so, then, in such an event, there would never be any Dana employee(s) entitled to long term disability benefits. This is due to the fact that in order for a Dana employee to be entitled to long term disability benefits, an employee has to be disabled for a six-month elimination period. Therefore, if Dana terminated its employees who could no longer perform their jobs, then the employees would have been terminated prior to their eligibility for long term disability benefits. Thus, effectively, Dana could create a situation whereby no one would ever be eligible for long term disability benefits. However, Plaintiff expects the facts to show that employees who were on disability leave were retained by the Defendants at the time of the sale to Standard Motor Products and Defendant, Ronald Hancock, in the present case, detrimentally relied on the Defendants' misrepresentations.

## III   SANSON v. GENERAL MOTORS WAS MODIFIED BY FORBUS v. SEARS ROEBUCK & COMPANY

In the event this Court should rule that the Plaintiff does not have standing to pursue an ERISA claim then, in such an event, the Plaintiff is not preempted from bringing his state tort cause of action for fraud.

In <u>Forbus v. Sears Roebuck & Company</u>, 30 F.3d 1402, 1407 (11th Cir. 1994), the Eleventh Circuit pointed out that the Alabama law governing fraudulent misrepresentation does not relate to an employee benefit plan. The Eleventh Circuit stated:

> "ERISA preemption serves an important purpose: it "establishes pension plan regulation as exclusively a federal concern." *McClendon*, 498 U.S. at 138, 111 S. Ct. at 482. However, ERISA preemption is not without boundaries. In the present case – in which ERISA applies only peripherally, if at all – it would defy common sense to allow ERISA to preempt a state law fraud claim. The Alabama fraud statute at issue in this case does not require the establishment or maintenance of an ongoing plan, makes no reference to an ERISA plan, and functions irrespective of any such plan. *Sanson*, 966 F.2d at 621. Therefore, we hold that ERISA does not preempt the plaintiffs' state claims in this case."

*Id.* at 1407.

For complete preemption to apply in the present case, the Plaintiff must have standing to bring an ERISA action. <u>Hobbs v. Blue Cross & Blue Shield</u>, 276 F.3d 1236, 1240 (11th Cir. 2001); <u>Cotton v. Massachusetts Mutual Life Insurance Company</u>, 402 F.3d 1267, 1281 (2005). Therefore, in the present case, if the Plaintiff does not have standing to bring the present ERISA action, then in such an event, the Plaintiff is not preempted from bringing his state tort action for fraud.

Respectfully submitted this 26th day of September, 2005.

/s/ Kenneth Shinbaum (SHI006)
ATTORNEY FOR PLAINTIFF

OF COUNSEL:
MCPHILLIPS SHINBAUM, L.L.P.
516 S. Perry Street
Post Office Box 64 (36101-0064)
Montgomery, Alabama 36104
Telephone: 334/262-1911
Facsimile: 334/263-2321

-5-

## CERTIFICATE OF SERVICE

       I hereby certify that I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following on this the 26th day of September, 2005:

Leslie M. Allen, Esq.
Balch & Bingham, LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

       , and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Ian H. Morrison, Esq.
Noah G. Lipschultz, Esq.
Seyfarth Shaw LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603

                                             /s/ Kenneth Shinbaum
                                             OF COUNSEL