IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Ronald Hancock ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Dana Corporation and Dana Corporation ) | Civil Action No.  2:05-CV-550-M |
| Welfare Plans Committee ) | |
| ) | |
|     Defendants. ) | |
| ) | |

## REPLY IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS

Defendants, the Dana Corporation and the Dana Corporation Welfare Plans Committee, submit this reply in support of their supplemental motion to dismiss the complaint.

### INTRODUCTION

The Court asked defendants to address plaintiff's argument contained in his September 26, 2005 Brief in Response to Defendants' Supplemental Motion to Dismiss and in Support of Plaintiff's Motion to Amend ("Pl. Resp."), that he has stated a claim for breach of fiduciary duty "under the theory that he, like other employees in the past, would have remained on disability leave with the Dana Corporation had he not been induced to sign forms for employment with Standard Motor Products."  9/28/05 Order.

Plaintiff's argument fails for a host of reasons.  First, plaintiff cites no authority support his claim.  Second, the new theory does not change the fact that plaintiff is suing to recover long term disability and medical benefits (he has not identified any other viable form of relief in his complaints) and this relief simply is not available under ERISA Section 502(a)(3).  *See* Def. Br. in Support of Supp. Motion to Dismiss at 4-6.

Third, plaintiff's new theory is at odds with the facts alleged in the original and proposed amended complaints and established by the documents referenced therein. Plaintiff implicitly acknowledges that to prove his breach of fiduciary duty claim, he must show that he relied to his detriment upon a false representation made by a benefit plan fiduciary in his or her fiduciary capacity. Plaintiff alleges, however, that he became an employee of Standard Motor Products when the unit in which he worked was sold by Dana Corporation. Plaintiff would have lost his job at Dana Corporation as a result of the sale to Standard Motor Products no matter what he was told. Accordingly, plaintiff will be unable to show that he suffered any prejudice as a result of a misrepresentation about benefits.

## ARGUMENT

**I.    THE FACTS ALLEGED IN THE COMPLAINTS AND ESTABLISHED BY THE MATERIALS REFERENCED THEREIN SHOW THAT PLAINTIFF COULD NOT HAVE RELIED TO HIS DETRIMENT UPON ANY MISREPRESENTATION BY THE DEFENDANTS.**

Plaintiff's latest theory is that he was treated differently than other employees on disability leave and this somehow supports a breach of fiduciary duty claim. The allegations of the complaint and the facts established by documents referenced therein show that this assertion is unfounded. Plaintiff alleges that the part of Dana Corporation's business in which he worked was sold to Standard Motor Products. Compl. ¶ 10. The employment status of employees on disability or other leaves of absence is specifically addressed in the Asset Purchase Agreement (Exhibit 3 to Defendants' original motion to dismiss):

> **11.1  Employment.**  Buyer shall make offers of employment to, and employ for a period of not less than two months after the Closing Date, on terms required by this Article XI, all individuals who are employed in the EMG Business immediately prior to the Closing Date and who accept such offers of employment, including to the extent set forth in Section 11.5, those individuals who are on lay-off, leave of absence, disability leave or elect to retire immediate prior to the Closing Date . . . .

   **11.5 Non-Active Employees.** Except as expressly provided below, Buyer shall make offers of employment to, and shall employ to the extent such offers are accepted, the individuals employed in the EMG Business who are on non-active status on the Closing Date due to lay-off, leave of absence or disability (the **"Non-Active Employees"**). Notwithstanding the foregoing, Sellers shall retain as their employees any Non-Active Employees listed on <u>Schedule 11.5</u> who are on long-term disability leave on the Closing Date and any other Non-Active Employees who are on long-term disability leave on the Closing Date, up to a maximum of sixteen (16) such employees.

  Plaintiff alleges that his disability started on May 28, 2003. Compl. ¶ 9. He also recognizes that under Dana Corporation's long-term disability plan, he would not even have been eligible to commence coverage under that plan until six months later – *i.e.*, November 28, 2003. Pl. Resp. at 3. Therefore, plaintiff was not and could not have been on long-term disability as of the July 1, 2003 closing date of the sale to Standard Motor Products. As a result, he was not among the 16 employees on long-term disability leave who were identified on Schedule 11.5 to the Asset Purchase Agreement. Accordingly, under the asset purchase agreement his employment with Dana ended and he was offered a position at Standard Motor Products.

  When plaintiff subsequently applied for long-term disability benefits under Dana Corporation's plan, he was found ineligible because, in November 2003, when he would have completed the elimination period under the plan, he was no longer a Dana Corporation employee. Plaintiff's ineligibility for long-term disability benefits flowed from the termination of his employment due to the asset sale. It had nothing to do with any representation made to him about benefits.

  There can be no dispute (and plaintiff does not suggest there is) that his employment ended on July 1, 2003 due to the asset sale to Standard Motor Production. Plaintiff does not allege that he resigned or took any other voluntary action based upon a fiduciary's misrepresentation. Therefore, plaintiff cannot show the detrimental reliance required to prove his claim of fiduciary breach.

The reason for the seemingly sinister allegation in the complaint "that if he did not sign forms for Standard Motor Products, that Plaintiff would lose his entitlement to all his employee benefits," Compl. ¶ 10, is that plaintiff stopped being a Dana Corporation employee as of the closing date and became eligible to be an employee of Standard Motor Products, with coverage under that company's plans. If he failed to turn in the required benefit paperwork, he would have had no coverage at all.

This is not a case like *Varity Corp. v. Howe*, 516 U.S. 489 (1996), where the plaintiffs made a voluntary choice about whether to switch from employment with one company to employment with another, encouraged by misrepresentations by the plan fiduciaries. Here, plaintiff alleges – and the Asset Purchase Agreement shows -- that his employment ended because of the asset sale closing and because he was not already on long-term disability as of that date.

Moreover, the Asset Purchase Agreement directly rebuts plaintiff's new assertion that he, "like other employees in the past, he would have been retained on disability leave." Plaintiff would have been retained as a Dana Corporation employee only if he was already on long-term disability as of the closing date. *See* Asset Purchase Agreement § 11.5. Plaintiff admits that he was not, and could not have been, on the long-term disability as of July 1, 2003.

In the end, what plaintiff really seems to be claiming is that he is entitled to long-term disability benefits under Dana's plan because his disabling condition started before his employment ended. This argument is nothing more than a claim for benefits directly under the Dana long-term disability benefit plan. The Court's September 7, 2005 Opinion precludes this claim by holding that plaintiff lacked standing to sue under the Dana plan because he is no

longer a "participant." The Court should not allow plaintiff to evade that ruling by relabeling his benefits claim.

## CONCLUSION

The Court should dismiss plaintiff's complaint with prejudice and deny plaintiff's motion to amend.

**DATED: October 5, 2005**                    By /s Noah Lipschultz

| | |
|---|---|
| Leslie M. Allen (ALL050) | Ian H. Morrison (Illinois #6231153) |
| BALCH & BINGHAM LLP | Noah G. Lipschultz (Illinois #6275376) |
| Post Office Box 306 | SEYFARTH SHAW LLP |
| Birmingham, AL 35201-0306 | 55 East Monroe St., Suite 4200 |
| (205) 251-8100 | Chicago, Illinois 60603 |
| (205) 226-8798 (fax) | (312) 346-8000 |
| | (312) 269-8869 (fax) |
| | *Appearing Pro Hac Vice* |

## **CERTIFICATE OF SERVICE**

The undersigned caused a true and correct copy of *Defendants' Reply in Support of Motion to Dismiss* to be filed electronically using the CM/ECF system which will send notice to the following counsel of record on this 5th day of October, 2005:

>Kenneth Shinbaum, Esq.
>McPhillips Shinbaum, L.L.P.
>Post Office Box 64
>Montgomery, AL 36101-0064
>
>Leslie M. Allen
>BALCH & BINGHAM LLP
>Post Office Box 306
>Birmingham, AL 35201-0306

_____
/s Noah Lipschultz

CH1 10961469.2