IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD HANCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.  2:05cv550-A |
| vs. | ) | |
| | ) | (WO) |
| DANA CORPORATION AND DANA | ) | |
| WELFARE PLANS COMMITTEE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This cause is before the court on a Supplemental Motion to Dismiss filed by the Dana Corporation and the Dana Corporation Welfare Plans Committee (Doc. #22) and a Motion to Amend the Complaint filed by the Plaintiff Ronald Hancock (Doc. #14).

The Plaintiff, Ronald Hancock, filed a Complaint in this case on June 9, 2005, seeking enforcement of his rights under a healthcare benefit plan, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA").  Accordingly, the court has federal question subject matter jurisdiction in this case.

The Defendants filed a Motion to Dismiss based on lack of standing which this court granted in part and denied in part.   The Defendants subsequently filed their Supplemental Motion to Dismiss which is directed to the remaining federal claim in the original Complaint. The Plaintiff's proposed Amended Complaint would add state law claims.

The court set the pending motions for oral argument, which was held on December 1, 2005.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED and the Complaint dismissed without prejudice, and the Motion to Amend is due to be DENIED.

## II.  MOTION TO DISMISS STANDARD

A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted).  The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. Hishon, 467 U.S. at 73.  Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985).

## III.  FACTS

The relevant allegations of the Plaintiff's Complaint are as follows:

The Plaintiff, Ronald Hancock ("Hancock"), was an employee of the Dana Corporation and was covered under a short term and long term disability policy or plan.  He became totally disabled while employed with Dana and has not returned to work.  He was receiving benefits under Dana's short-term disability program.

Hancock alleges that the Dana Corporation sold a portion of its business to Standard Motor Products.   This sale was accomplished through an asset purchase agreement. He also alleges that when he became disabled, and after he had applied for disability benefits, he was

told that he would lose his entitlement to employment benefits if he did not sign forms for employment with Standard Motor Products. He also alleges that the Dana Corporation has denied his claim for benefits on the basis that he is no longer an employee of the Dana Corporation. He seeks a declaratory judgment and equitable relief and remedies to which he may be entitled under ERISA.

### IV.  DISCUSSION

The Dana Corporation and the Dana Corporation Welfare Plans Committee (collectively "Dana") have moved to dismiss the Complaint for failure to state a claim, and oppose the Motion to Amend the Complaint.

In support of the motion to dismiss, Dana argues that Hancock has not adequately alleged a claim under ERISA because the relief Hancock seeks is not "appropriate equitable relief" under section 502 (a)(3). See Great-West Life & Annuity Inc. Soc. v. Knudson, 534 U.S. 204 (2004). Dana further argues that even assuming Hancock has sought appropriate equitable relief, he has failed to state a claim for breach of fiduciary duty because it was the asset purchase, and not any misrepresentations, which caused him to be ineligible for benefits under the Dana plan.

In response, Hancock relies on Varity Corp. v. Howe, 516 U.S. 489 (1996), to argue that he has adequately stated a claim for breach of fiduciary duty. In that case, the Supreme Court concluded that employees who were induced to leave their employment and, as a result, lost health benefits, could pursue an equitable relief claim for breach of fiduciary duty. Id. at 515. Hancock also points out that at least one circuit has indicated that even after Great-West, there is a remedy when fraud exists as it did in Varity. See Peralta v. Hispanic Business, Inc., 419 F.3d 1064 (9th Cir. 2005).

3

Hancock has advanced two theories in his attempt to bring a <u>Varity</u>-type of breach of fiduciary duty claim. At the oral argument held on the pending motions, the court sought to clarify whether Hancock contends that persons on short term disability leave, such as himself, were retained by Dana and allowed to receive coverage under Dana's plan despite the asset purchase agreement. Hancock's counsel represented at oral argument that that theory is one theory on which he intends to proceed in this case. He stated that his alternative theory is that in the past Dana had allowed employees to remain on short-term disability leave, and allowed them to apply for long-term disability benefits when they became eligible and, had Dana followed that practice with respect to Hancock, he would still be covered by the Dana plan.

With respect to this latter theory, the court cannot conclude that this theory states a claim for breach of fiduciary duty under ERISA. Past practices of Dana occurred before there was an asset purchase agreement. Representations as to what would occur during the asset purchase would not be a breach of fiduciary duty merely because they were not consistent with what occurred under practices of the company that existed independent of, and prior to, the asset purchase.

With respect to the theory that persons on short term disability leave, such as Hancock, were retained by Dana and allowed to receive coverage under Dana's plan, the court agrees with Dana that such a theory is not stated in either the Complaint or the proposed Amended Complaint. It is, therefore, difficult to evaluate the viability of such a theory. The court expresses no opinion at this time as to the legal sufficiency of such a claim, or the propriety of the relief sought. Instead, the court concludes that Hancock should be given additional time in which to adequately plead the basis for a breach of fiduciary duty claim on the theory that other

persons on short-term disability leave were retained by Dana and allowed to receive coverage under Dana's plan. Any such amendment should only be made, however, if Hancock can do so consistently with the requirements of Rule 11 of the Federal Rules of Civil Procedure.[1]

Dana also opposes Hancock's request to amend the complaint to add state law claims on the ground that such amendment would be futile. See United Food and Commercial Workers Unions v. Philip Morris, Inc., 223 F.3d 1271, 1275 (11th Cir. 2000). Dana argues that the state law claims Hancock seeks to add are defensively preempted under ERISA.

Hancock has argued that state law claims are not preempted if he lacks standing under ERISA, citing Hobbs v. Blue Cross & Blue Shield, 276 F.3d 1236, 1240 (11th Cir. 2001). Hobbs, however, is a complete preemption analysis. Id. Complete preemption provides a basis for subject matter jurisdiction, while defensive or conflict preemption is a defense to a claim. Butero v. Royal Maccabees Life Insurance Co., 174 F.3d 1207, 1211-12 (11th Cir. 1999). Defensive or conflict preemption applies to "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). State law relates to an ERISA plan if it has a connection with or reference to such a plan. Shaw v. Delta Airlines, Inc., 463 U.S. 85, 97 (1983).

Dana argues that the state law claims of fraud, breach of contract, and equitable estoppel in the proposed Amended Complaint all relate to an ERISA plan. Specifically with respect to the proposed fraud claims, Dana contends that the facts are analogous to those in Sanson v.

---

[1] The court notes that should Hancock choose to amend his Complaint in this manner, bearing in mind Hancock's counsel's statement that he needs discovery to prove his theory, it appears to the court that Hancock ought to be allowed to proceed on this theory at least to the summary judgment stage of the case.

General Motors Corp., 966 F.2d 618 (11th Cir. 1992). In that case, an employee claimed that his employer fraudulently induced him to retire and refused to provide special retirement benefits to the plaintiff. The plaintiff's state law claims were defensively preempted because they were dependent on the existence of an ERISA plan, and the measure of damages would be the amount of benefits the plaintiff would have received under the plan. Id. at 621.

Hancock argues that Sanson has been modified by Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1407 (11th Cir. 1994). In Forbus, representations were made that jobs would be eliminated, inducing employees to retire, when in fact the jobs were not eliminated and were filled by other employees. The court found significant that the "alleged misrepresentation did not involve a benefit plan--it involved the very existence of the plaintiffs' jobs." Id. at 1406.

In this case, even if the court considers the un-pled theory that some persons on short-term disability were retained by Dana after the asset purchase, the court agrees with Dana that because the alleged representation upon which Hancock allegedly relied concerned the benefits he would receive, the proposed fraud claims are closer to Sanson than Forbus. The other state law claims asserted in the proposed Amended Complaint also clearly relate to an ERISA plan. Therefore, all of Hancock's proposed state law claims relate to the ERISA plan and would be defensively preempted if the amendment were allowed, and the Motion to Amend is due to be DENIED as futile.[2]

## V. CONCLUSION

For the reasons discussed above, it is hereby ORDERED as follows:

---

[2] Even if the court were to allow the amendment as being an amendment as of right under Federal Rule of Civil Procedure 15, the court would grant the Defendants' Supplemental Motion to Dismiss as to the state law claims based on the arguments briefed by the parties.

1.  The Supplemental Motion to Dismiss filed by the Dana Corporation and the Dana Corporation Welfare Plans Committee (Doc. #22) is GRANTED and the claims as stated in the Complaint are DISMISSED without prejudice.

2.  Hancock has until **December 23, 2005** to file a new Amended Complaint which adequately pleads a claim for breach of fiduciary duty under ERISA as discussed in this Memorandum Opinion, if he chooses to do so.  If Hancock files a new Amended Complaint, the Amended Complaint should be complete unto itself and not incorporate any prior pleading by reference, in accordance with Local Rule 15.1.

2.  The Motion to Amend the Complaint (Doc. #14) to add state law claims, filed by the Plaintiff Ronald Hancock, is DENIED.


Done this 7th day of December, 2005.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE