IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RONALD HANCOCK** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05cv550-A |
| ) | |
| **DANA CORPORATION, et al.** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S AMENDED COMPLAINT**

**COME NOW**, Plaintiff Ronald Hancock (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and hereby complains of Defendants Dana Corporation and Dana Welfare Plans Committee (hereinafter collectively referred to as "Defendants"), as follows:

1. The Plaintiff is over 19 years of age and resides in Montgomery County, Alabama.

2. The Defendant, Dana Corporation, is a corporation which does business in Montgomery, Alabama.

3. The Defendant, Dana Corporation Welfare Plans Committee, is believed to be an affiliate, subsidiary, agent or division of the Defendant Dana Corporation, and who reviews decisions of Dana Corporation with respect to eligibility of employees to receive benefits under Defendant Dana Corporation's benefit plans such as short-term disability, long-term disability and health and medical care.

**JURISDICTION AND VENUE**

4. This is a cause of action to determine the rights of the parties under insurance group policies or plans which were issued or sponsored by Defendant, Dana Corporation, of which the

Plaintiff was a beneficiary and participant, which said insurance policies or plans are governed by the Employee Retirement Income Security Act of 1974 (ERISA) and to seek equitable relief for Defendants' breach of their fiduciary duties pursuant to 29 U.S.C. §1132(a)(3) and, therefore, this civil action arises under the laws of the United States and this Court has jurisdiction of this matter pursuant to 42 U. S. C. §1331.

5. Venue is proper in the Northern Division of the Middle District of Alabama since this cause of action arises out of group insurance policies or plans of the Plaintiff's employer which has a place of business in Montgomery, Alabama, and the Plaintiff worked for the Defendant Dana Corporation out of Montgomery, Alabama.

**COUNT ONE**

**COMPLAINT FOR DECLARATORY JUDGMENT AND
TO DECLARE THE RIGHTS OF THE PARTY**

6. The Defendant, Dana Corporation, is the employer and Plan Sponsor of a welfare, health care, disability and life insurance plan or insurance policy which provides short-term disability benefits, long-term benefits, health care and medical care benefits and life insurance benefits which is the subject matter of this cause of action. Further, the Director of the Dana Benefits and Payroll Services, which is a division of Dana Corporation, is the Plan Administrator of the aforesaid insurance policies or benefit plans.

7. The Defendant, Dana Corporation Welfare Plans Committee, reviews decisions of Dana Corporation and/or Dana Benefits and Payroll Services regarding claims of employees pursuant to the aforesaid insurance policies or benefit plans.

8. The Plaintiff, Ronald Hancock, was an employee of the Defendant Dana Corporation and was covered under the aforesaid short-term disability policy or plan, long-term disability policy or plan, and health and medical care policy or plan issued and sponsored by the Defendants and for which the Defendants were the Plan Administrator.

9. The Plaintiff became permanently and totally disabled while he was employed by the Defendant, Dana Corporation, on or about May 28, 2003, and since that date Plaintiff has not returned to active work because of his disability.

10. The Plaintiff's disability began while he was employed at the Defendant, Dana Corporation, and he has ever since been disabled. Further, Plaintiff was never able, and has never been able to return to work for Defendant Dana Corporation or a company named Standard Motor Products to whom Defendant Dana Corporation sold a portion of its business.

11. The Plaintiff, while still employed with Dana Corporation was permitted to go on short-term disability.

12. While still employed with Defendant Dana Corporation, the Plaintiff inquired of employees and agents of the Defendants, who were authorized to provide information concerning Dana Corporation's employee benefits plan, whether he needed to go ahead and apply for long-term disability benefits and was informed by said employees and agents that he did not need to separately apply for long-term disability benefits, since his application for short-term disability benefits would be sufficient.

13. The Defendant Dana Corporation, through its agents and employees, told the Plaintiff, after he had already applied for disability benefits, that if he did not sign the forms for

Standard Motor Products, Plaintiff would lose his entitlement to all his employment benefits, and that the benefits from Standard Motor products were as good or better as Dana Corporation's.

14. Although the Defendant, Dana Corporation, was in a fiduciary relationship with Plaintiff and was aware of the Plaintiff's, status and situation, the Defendant Dana Corporation's aforesaid representations were false and the Defendants knew that they were going to deny Plaintiff's claims for benefits claiming that he was no longer an employee of Dana Corporation but instead an employee of Standard Motor Products. The Defendants further knew or should have known that the health and medical insurance benefits that the Plaintiff would be entitled to under the Standard Motor Products long-term disability plan were by far inferior to those that the Plaintiff Ron Hancock would be entitled to under the long-term disability plan of Dana Corporation. In the alternative, the Defendants' employees and agents made the aforesaid representations in reckless disregard of the truth. Further, the Defendants knew that there would be and were, employees of Defendant Dana Corporation who were, and had been, on short-term disability who would remain, and did remain, employees of Dana Corporation such that they would become entitled to and did become entitled to, the benefits under Dana Corporation's long-term disability plan. Further, Defendant Dana Corporation knew that there were employees of Dana Corporation who did not choose to go to work for Standard Motor Products and that those employees would remain employed by Dana Corporation.

15. The Plaintiff reasonably relied upon the misrepresentations of the Defendants to his detriment, which caused him to be not qualified for the long-term disability benefits under Dana Corporation's employee benefit plan.

16. The Defendants, acting as a fiduciary, knowingly and significantly participated in deceiving the Plaintiff in order to save the themselves money at Plaintiff's, expense.

17. As a proximate result, the Plaintiff, if he wishes to have health insurance, will have to expend significant amounts of money, which he would not have had to pay had he been entitled to benefits under the Dana Corporation's long-term disability plan.

18. The Plaintiff is entitled to long-term disability benefits because the disability which prevents him from performing any and every duty of an occupation or employment for which he was reasonably qualified by education, training or experience, began when he was employed by the Defendant, Dana Corporation, and he has not physically returned to work since that time, and has been awarded social security disability.

19. As a further result of the Defendants wrongfully denying the Plaintiff's long-term disability benefits, the Defendants are denying the Plaintiff his health care and medical benefits.

20. The Plaintiff has met all criteria for long-term disability benefits.

21. The Plaintiff has made a proper claim with the Defendants for his long-term disability benefits but has been denied.

22. The Plaintiff is entitled to rights and benefits under the terms of the employee benefit plans, namely, the aforesaid long-term disability plan and the medical and health care plan.

23. The Defendants have denied the Plaintiff the rights and benefits that Plaintiff claimed and was entitled to receive under the terms of the employee benefit plan, namely, the aforesaid long-term disability plans and medical and health care plans.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Court:

1. Will award the Plaintiff all benefits due from the Defendants and enforce Plaintiff's rights under the terms of the employee benefit plan, and clarify Plaintiff's rights to future benefits owed under the terms of the employee benefit plans.

2. Grant the Plaintiff such equitable relief and remedies to which he may be entitled against the Defendants for their breach of fiduciary duties, and

3. Award a reasonable attorney's fee against the Defendants.

Respectfully submitted this 22nd day of December, 2005.

/s/ Kenneth Shinbaum (SHI006)
ATTORNEY FOR PLAINTIFF

OF COUNSEL:
MCPHILLIPS SHINBAUM, L.L.P.
516 S. Perry Street
Post Office Box 64 (36101-0064)
Montgomery, Alabama 36104
Telephone: 334/262-1911
Facsimile: 334/263-2321

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following on this the 22nd day of December, 2005:

Leslie M. Allen, Esq.
Balch & Bingham, LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Ian H. Morrison, Esq.
Noah G. Lipschultz, Esq.
Seyfarth Shaw LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603

/s/ Kenneth Shinbaum
OF COUNSEL