IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD HANCOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:05 cv 550-A |
| ) | |
| DANA CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Dana Corporation and Dana Corporation Welfare Plans Committee, pursuant to Fed. R. Civ. P. 8, answer to the complaint of plaintiff Ronald Hancock as follows:

**COMPLAINT ¶ 1:**

The Plaintiff is over 19 years of age and resides in Montgomery County, Alabama.

**ANSWER:**

Defendants admit that plaintiff is over 19 years of age and admit, upon information and belief, that he resides in Montgomery County, Alabama.

**COMPLAINT ¶ 2:**

The Defendant, Dana Corporation, is a corporation which does business in Montgomery, Alabama.

**ANSWER:**

Defendants admit the allegations in paragraph 2.

**COMPLAINT ¶ 3:**

The Defendant, Dana Corporation Welfare Plans Committee, is believed to be an affiliate, subsidiary, agent or division of the Defendant Dana Corporation, and who reviews decisions of Dana Corporation with respect to eligibility of employees to receive benefits under Defendant Dana Corporation's benefit plans such as short-term disability, long-term disability and health and medical care.

812948.1

**ANSWER:**

Defendants admit that the Dana Corporation Welfare Plans Committee reviews initial benefits determinations for employee welfare benefit plans, including short-term and long-term disability plans, sponsored by the Dana Corporation. Defendants deny each and every remaining allegation in paragraph 3.

## JURISDICTION AND VENUE

**COMPLAINT ¶ 4:**

This is a cause of action to determine the rights of the parties under insurance group policies or plans which were issued or sponsored by Defendant, Dana Corporation, of which the Plaintiff was a beneficiary and participant, which said insurance policies or plans are governed by the Employee Retirement Income Security Act of 1974 (ERISA) and to seek equitable relief for Defendants' breach of their fiduciary duties pursuant to 29 U.S.C. § 1132(a)(3) and, therefore, this civil action arises under the laws of the United States and this Court has jurisdiction of this matter pursuant to 42 U. S. C. § 1331.

**ANSWER:**

Defendants admit that plaintiff purports to bring this action pursuant to 29 U.S.C. § 1132(a)(3) and alleges that defendants' breached their fiduciary duties, that the relevant plans are governed by the Employee Retirement Income Security Act of 1974, as Amended (ERISA), that this action arises under the laws of the United States, and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331(a). Defendants deny each and every remaining allegation in paragraph 4.

**COMPLAINT ¶ 5:**

Venue is proper in the Northern Division of the Middle District of Alabama since this cause of action arises out of group insurance policies or plans of the Plaintiff's employer which has a place of business in Montgomery, Alabama, and the Plaintiff worked for the Defendant Dana Corporation out of Montgomery, Alabama.

**ANSWER:**

Defendants admit the allegations in paragraph 5.

COUNT ONE

COMPLAINT FOR DECLARATORY JUDGMENT AND
TO DECLARE THE RIGHTS OF THE PARTY

**COMPLAINT ¶ 6:**

The Defendant, Dana Corporation, is the employer and Plan Sponsor of a welfare, health care, disability and life insurance plan or insurance policy which provides short-term disability benefits, long-term benefits, health care and medical care benefits and life insurance benefits which is the subject matter of this cause of action. Further, the Director of the Dana Benefits and Payroll Services, which is a division of Dana Corporation, is the Plan Administrator of the aforesaid insurance policies or benefit plans.

**ANSWER:**

Defendants admit that Dana Corporation, was plaintiff's employer, and sponsors a welfare plan which provides short-term disability benefits, long-term benefits, health care and medical care benefits and life insurance benefits which are the subject matter of this case. Defendants deny each and every remaining allegation in paragraph 6.

**COMPLAINT ¶ 7:**

The Defendant, Dana Corporation Welfare Plans Committee, reviews decisions of Dana Corporation and/or Dana Benefits and Payroll Services regarding claims of employees pursuant to the aforesaid insurance policies or benefit plans.

**ANSWER:**

Defendants admit that the Dana Corporation Welfare Plans Committee reviews initial benefits determinations under various welfare benefit plans maintained by Dana, but denies each and every remaining allegation in paragraph 7.

**COMPLAINT ¶ 8:**

The Plaintiff, Ronald Hancock, was an employee of the Defendant Dana Corporation and was covered under the aforesaid short-term disability policy or plan, long-term disability policy or plan, and health and medical care policy or plan issued and sponsored by the Defendants and for which the Defendants were the Plan Administrator.

**ANSWER:**

Defendants admit that plaintiff was an employee of the Defendant Dana Corporation and was eligible, provided certain plan terms and conditions were met, to participate in various welfare benefit plans sponsored by Dana, including short-term and long-term disability plans issued and sponsored by the Defendant Dana Corporation. Defendants deny each and every remaining allegation in paragraph 8.

**COMPLAINT ¶ 9:**

The Plaintiff became permanently and totally disabled while he was employed by the Defendant, Dana Corporation, on or about May 28, 2003, and since that date Plaintiff has not returned to active work because of his disability.

**ANSWER:**

Defendants admit that plaintiff became disabled on May 28, 2003 and began receiving short-term disability benefits from Dana shortly thereafter, and that plaintiff has not returned to active work since then. Defendants deny each and every remaining allegation in paragraph 9.

**COMPLAINT ¶ 10:**

The Plaintiff's disability began while he was employed at the Defendant, Dana Corporation, and he has ever since been disabled. Further, Plaintiff was never able, and has never been able to return to work for Defendant Dana Corporation or a company named Standard Motor Products to whom Defendant Dana Corporation sold a portion of its business.

**ANSWER:**

Defendants admit that Dana Corporation sold a portion of its business, within which plaintiff worked, to Standard Motor Products, that plaintiff's disability began while he was employed at Dana, and that plaintiff has not returned to work for Dana Corporation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff has not been able to and has not returned to work with Standard Motor Products. Defendants deny each and every remaining allegation in paragraph 10.

**COMPLAINT ¶ 11:**

The Plaintiff, while still employed with Dana Corporation was permitted to go on short-term disability.

**ANSWER:**

Defendants admit the allegations in paragraph 11.

**COMPLAINT ¶ 12:**

While still employed with Defendant Dana Corporation, the Plaintiff inquired of employees and agents of the Defendants, who were authorized to provide information concerning Dana Corporation's employee benefits plan, whether he needed to go ahead and apply for long-term disability benefits and was informed by said employees and agents that he did not need to separately apply for long-term disability benefits, since his application for short-term disability benefits would be sufficient.

**ANSWER:**

Defendants deny the allegations in paragraph 12.

**COMPLAINT ¶ 13:**

The Defendant Dana Corporation, through its agents and employees, told the Plaintiff, after he had already applied for disability benefits, that if he did not sign the forms for Standard Motor Products, Plaintiff would lose his entitlement to all his employment benefits, and that the benefits from Standard Motor products were as good or better as Dana Corporation's.

**ANSWER:**

Defendants admit that plaintiff and other employees were advised prior to the sale to Standard Motor Products that employees would lose eligibility under Dana's welfare benefit plans and would need to enroll in Standard Motor Products' welfare benefit plans in order to receive coverage under those plans. Defendants deny each and every remaining allegation in paragraph 13.

**COMPLAINT ¶ 14:**

Although the Defendant, Dana Corporation, was in a fiduciary relationship with Plaintiff and was aware of the Plaintiff's, status and situation, the Defendant Dana Corporation's aforesaid representations were false and the Defendants knew that they were going to deny Plaintiff's claims for benefits claiming that he was no longer an employee of Dana Corporation but instead an employee of Standard Motor Products. The Defendants further knew or should

812948.1   5

have known that the health and medical insurance benefits that the Plaintiff would be entitled to under the Standard Motor Products long-term disability plan were by far inferior to those that the Plaintiff Ron Hancock would be entitled to under the long-term disability plan of Dana Corporation. In the alternative, the Defendants' employees and agents made the aforesaid representations in reckless disregard of the truth. Further, the Defendants knew that there would be and were, employees of Defendant Dana Corporation who were, and had been, on short-term disability who would remain, and did remain, employees of Dana Corporation such that they would become entitled to and did become entitled to, the benefits under Dana Corporation's long-term disability plan. Further, Defendant Dana Corporation knew that there were employees of Dana Corporation who did not choose to go to work for Standard Motor Products and that those employees would remain employed by Dana Corporation.

**ANSWER:**

Defendants admit that Dana knew at the time of the sale to Standard Motor Products that certain employees were receiving disability benefits. Defendants deny each and every remaining allegation in paragraph 14.

**COMPLAINT ¶ 15:**

The Plaintiff reasonably relied upon the misrepresentations of the Defendants to his detriment, which caused him to be not qualified for the long-term disability benefits under Dana Corporation's employee benefit plan.

**ANSWER:**

Defendants deny the allegations in paragraph 15.

**COMPLAINT ¶ 16:**

The Defendants, acting as a fiduciary, knowingly and significantly participated in deceiving the Plaintiff in order to save the themselves money at Plaintiff's, expense.

**ANSWER:**

Defendants deny the allegations in paragraph 16.

**COMPLAINT ¶ 17:**

As a proximate result, the Plaintiff, if he wishes to have health insurance, will have to expend significant amounts of money, which he would not have had to pay had he been entitled to benefits under the Dana Corporation's long-term disability plan.

**ANSWER:**

Defendants deny the allegations in paragraph 17.

**COMPLAINT ¶ 18:**

The Plaintiff is entitled to long-term disability benefits because the disability which prevents him from performing any and every duty of an occupation or employment for which he was reasonably qualified by education, training or experience, began when he was employed by the Defendant, Dana Corporation, and he has not physically returned to work since that time, and has been awarded social security disability.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to whether plaintiff has been awarded social security disability. Defendants deny each and every remaining allegation in paragraph 18.

**COMPLAINT ¶ 19:**

As a further result of the Defendants wrongfully denying the Plaintiff's long-term disability benefits, the Defendants are denying the Plaintiff his health care and medical benefits.

**ANSWER:**

Defendants deny the allegations in paragraph 19.

**COMPLAINT ¶ 20:**

The Plaintiff has met all criteria for long-term disability benefits.

**ANSWER:**

Defendants deny the allegations in paragraph 20.

**COMPLAINT ¶ 21:**

The Plaintiff has made a proper claim with the Defendants for his long-term disability benefits but has been denied.

**ANSWER:**

Defendants admit that plaintiff has made a claim for long-term disability benefits, and that such claim was denied. Defendants deny each and every remaining allegation in paragraph 21.

**COMPLAINT ¶ 22:**

The Plaintiff is entitled to rights and benefits under the terms of the employee benefit plans, namely, the aforesaid long-term disability plan and the medical and health care plan.

**ANSWER:**

Defendants deny the allegations in paragraph 22.

**COMPLAINT ¶ 23:**

The Defendants have denied the Plaintiff the rights and benefits that Plaintiff claimed and was entitled to receive under the terms of the employee benefit plan, namely, the aforesaid long-term disability plans and medical and health care plans.

**ANSWER:**

Defendants admit that plaintiff's claims for long term disability benefits were denied, but defendants deny each and every remaining allegation in paragraph 23.

## ADDITIONAL DEFENSES

1. Plaintiff's claim fails because he does not seek "appropriate equitable relief" within the meaning of ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3).

2. Plaintiff lacks standing to sue as a participant in any Dana Corporation welfare benefit plan.

WHEREFORE, defendants deny that plaintiff is entitled to any relief whatsoever and pray that judgment be entered in their favor on plaintiff's amended complaint, that the amended complaint be dismissed with prejudice, and that defendants be awarded their costs, attorneys' fees, and such other relief as this Court deems proper.

| | |
|---|---|
| **DATED: January 19, 2006.** | Respectfully submitted,<br><br>DANA CORPORATION and DANA CORPORATION WELFARE PLANS COMMITTEE<br><br>By____/s/ Leslie M. Allen-Coyne___ |

| | |
|---|---|
| Leslie M. Allen (ALL050)<br>BALCH & BINGHAM LLP<br>Post Office Box 306<br>Birmingham, AL 35201-0306<br>(205) 251-8100<br>(205) 226-8798 (fax) | Ian H. Morrison (Illinois #6231153)<br>Noah G. Lipschultz (Illinois #6275376)<br>SEYFARTH SHAW LLP<br>55 East Monroe St., Suite 4200<br>Chicago, Illinois 60603<br>(312) 346-8000<br>(312) 269-8869 (fax) |

### CERTIFICATE OF SERVICE

On January 19, 2006 the undersigned caused a true and correct copy of *Defendants' Answer to Plaintiff's Amended Complaint* to be filed electronically using the CM/ECF system, which will send notification of this filing to the following counsel of record:

Kenneth Shinbaum, Esq.
McPhillips Shinbaum, L.L.P.
Post Office Box 64
Montgomery, AL 36101-0064

, and I hereby certify that I have mailed by United States Postal Service the document to

the following non-CM/ECF participants:

Ian H. Morrison
Noah G. Lipschultz
SEYFARTH SHAW, LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603

                    /s/ Leslie M. Allen-Coyne                         .
                    OF COUNSEL

812948.1   9

CH1 11003816.2